**Deborah L. HUDSON, Appellant,**

v.

**Robin K. HUDSON, Respondent.**

**No. WD 48752.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1994.

---

Susan West Noland, Kansas City, for appellant.

Robin K. Hudson, party acting pro se.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

PER CURIAM:

Deborah L. Hudson appeals that portion of the trial court's order which denied her motion to modify child support. She claims the trial court erred in denying her motion because: (1) she made a *prima facie* showing that her ex-husband's present child support obligation is unreasonable; (2) there was sufficient evidence from which the trial court could "determine the factual and legal issues and calculate the presumed child support amount" pursuant to Form 14; and (3) the trial court did not determine the child support award in conformity with Rule 88.01. We reverse and remand with directions.

The marriage of Robin K. Hudson ("Father") and Deborah L. Hudson ("Mother") was dissolved on September 18, 1980. Custody of their one minor child was awarded to mother, and father was ordered to pay child support of $160 per month. This child support order has never been modified.

On February 2, 1993, mother filed a Motion to Modify Decree of Dissolution alleging that "there have been changed circumstances so substantial and continuing as to make modification of the decree necessary to serve the best interests of the minor child." Mother alleged that father's income has increased since the original decree so that the child support amount would be increased by more than 20% in accordance with the child support guidelines. Mother's motion was tried along with a motion for contempt for nonpayment of child support.[1]

At the hearing on her motion, mother appeared in person and by her attorney. Father, although duly notified, did not appear but was represented by counsel. The evidence showed that father was unemployed when the decree of dissolution was entered, but is currently employed by Microsoft. His income at the time of the trial was $23,000 per year, but will increase when he completes further training. Father previously had been employed at Radio Shack earning $32,000 per year but he quit that job about six months after the Division of Child Support Enforcement placed an income assignment on his wages. Father had been employed at Radio Shack for eight years.

█ Only mother submitted a Form 14. Mother completed Form 14 using her income of $916.67 per month and an imputed income of $2,666.67 per month ($32,000 per year) for father.[2] The child support obligation from

---

1. The motion for contempt is not at issue on this appeal.

2. In order to prevent a spouse from escaping responsibilities to support minor children, a court may, in proper circumstances, impute a higher income to a spouse if the evidence indicates he or she has the capacity to earn more. *Luker v. Luker*, 861 S.W.2d 195, 199 (Mo.App. 1993).

the Form 14 schedule was $508. Father's proportionate share was $381. Mother's Form 14 also requested that father pay an additional $121 for the child's health insurance costs.[3] Mother's Form 14 concluded that father's child support obligation is $502 after the child's health insurance costs were included.

After a hearing, the trial court overruled mother's motion to modify the decree of dissolution because "there is not sufficient evidence before the Court to make a determination on the change of circumstances." This appeal followed.

Section 452.370, RSMo 1986, provides, in pertinent part:

1. [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable..... If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

\* \* \* \* \* \*

Rule 88.01(e) provides, in pertinent part: There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for ... child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is

correct if the court ... enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

In the case at bar, only mother filed a Form 14 and presented evidence. As stated above, mother's Form 14 attributed $2,666.67 per month gross income to father and $916.67 to herself for a combined monthly gross income of $3,583.34. Mother's Form 14 showed that the presumed child support amount was $508, of which, mother's share was $127 and father's share was $381. Mother's Form 14 also added an additional $121 per month to father's share for the child's health care costs. Father's current payment of $160 per month for child support deviates by more than twenty percent from the Form 14 presumed child support amount. Because father's current support payment deviates by more than twenty percent from his child support requirement mandated by the guidelines, a *prima facie* case of a substantial and continuing change in circumstances has been established. *Kieninger v. Kieninger,* 836 S.W.2d 515, 517 (Mo.App. 1992). Father was therefore required to adduce evidence to show that application of the relevant factors listed in Rule 88.01(a)–(e) supports a finding that Form 14 should not be used. *Hamilton v. Hamilton,* 817 S.W.2d 937, 940 (Mo.App.1991). Father did not. Thus, mother is entitled to a new award calculated according to Rule 88.01 and Form 14 unless the court determined, after considering the relevant factors, that the amount was unjust or inappropriate. *Beeman v. Beeman,* 816 S.W.2d 15, 17 (Mo.App.1991). The trial court neither awarded the Form 14 amount nor did it make a determination that the Form 14 amount was unjust or inappropriate after considering the relevant factors. Therefore, on remand, the trial court is directed to enter either the Form 14 amount or a specific finding, in writing or on the record, that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate and to award the appropriate

3. Mother testified that she could obtain health insurance for the minor child through her em- ployer at a cost of $121 per month.

amount. *Scoggins v. Timmerman,* 886 S.W.2d 135, 137 (Mo.App.1994).

In addition, on remand, the trial court is required to make a finding as the availability of a health care plan for the minor child and to assign responsibility to one of the parties to maintain such a plan for the child's benefit if it finds "a health benefit plan is available at reasonable cost through a parent's employer or union." Section 454.603.1–2, RSMo Supp. 1993; *Pease v. Pease,* 877 S.W.2d 681, 681–82 (Mo.App.1994). Furthermore, the trial court should use the new Form 14 that became effective on April 1, 1994 to calculate the Form 14 amount. The new Form 14 includes health insurance costs for the minor child as part of the total combined child support costs and allows for apportionment of those costs between the parents.

The judgment of the trial court is reversed and remanded with directions.