**Elizabeth D. CROTTY, (f/k/a Elizabeth Kline), Appellant,**

v.

**Jeffrey A. KLINE, Respondent.**

No. WD 53188.

Missouri Court of Appeals,
Western District.

June 24, 1997.

Michael Taylor, St. Joseph, for Appellant.

Ralph Hicks, St. Joseph, for Respondent.

HANNA, Presiding Judge.

The appellant, Elizabeth D. Crotty, appeals from the trial court's denial of her motion to modify child support and the court's award of attorney fees and court costs to the respondent, Jeffrey A. Kline. The two issues on appeal are whether Ms. Crotty established a *prima facie* case of substantial and continuing change in circumstances to warrant a modification of child support and whether the trial court's award of attorney fees and court costs was against the weight of the evidence.

Ms. Crotty and Mr. Kline were divorced on March 4, 1987. They had one child together, a daughter named Kelli Dorrene Kline who was born on September 24, 1984. Kelli was placed in Ms. Crotty's custody, with Mr. Kline having unspecified liberal and reasonable visitation. Mr. Kline also was ordered to pay $60 per week in child support.

On October 27, 1995, Mr. Kline filed a motion to modify the prior visitation order. At this time, Kelli was approximately eleven years old. Ms. Crotty filed a cross-motion to modify the child support. The trial court sustained Ms. Crotty's motion and ordered a specific visitation schedule. The court denied Ms. Crotty's motion to modify child support because it found that the circumstances had not changed to make the original order unreasonable and that the presumed child support amount was not an increase of 20 percent or more from the existing order. The court further ordered Ms. Crotty to pay a portion of Mr. Kline's attorney fees, as well as the court costs.

■ The first issue is whether Ms. Crotty established a *prima facie* case of a substantial and continuing change in circumstances sufficient to justify modification of child support. Ms. Crotty argues that, based on her Civil Procedure Form № 14 ("Form 14") and the evidence presented at the hearing, she showed a deviation of Mr. Kline's support payment by more than 20 percent from the existing support order.

■ A trial court's order as to child support will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Leone v. Leone*, 917 S.W.2d 608, 611 (Mo.App.1996).

■ Modification of child support is governed by § 452.370, RSMo 1994. In pertinent part, this statute provides:

[T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.... If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support

from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable. Section 452.370.1, RSMo 1994. The party seeking the modification has the burden of showing such a change of circumstances. Section 452.370.2, RSMo 1994; *Anderson v. Anderson*, 861 S.W.2d 796, 800 (Mo.App. 1993). Under Rule 88.01, there is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the correct amount of child support to be awarded. Rule 88.01; *Anderson*, 861 S.W.2d at 800. A parent may establish a *prima facie* case to justify modification of the child support order by proof that the current support payment deviates by more than 20 percent from his child support requirement mandated by the guidelines. *Hudson v. Hudson*, 887 S.W.2d 755, 757 (Mo.App.1994).

Ms. Crotty argues that Mr. Kline's current support payment of $260 per month ($60.00 a week) does deviate by more than 20 percent from the presumed amount of child support calculated according to her Form 14. Ms. Crotty's Form 14 stated her monthly gross income as $2046 and Mr. Kline's as $1993. The amount for Mr. Kline included $303 for overtime work and income from a second temporary job. The presumed child support amount, based on Ms. Crotty's Form 14, is $349 per month. This amount represents a change of more than 20 percent from Mr. Kline's current monthly payment.

However, Mr. Kline's Form 14 differed from Ms. Crotty's. Mr. Kline's Form 14 stated his monthly gross income as $1690 and Ms. Crotty's as $2116. Mr. Kline did not include the $303 he received for overtime work and a second temporary job in his monthly gross income figure. While he did list this amount in his sworn Statement of Income and Expense, he testified that neither the overtime at his regular employer nor the work with the temporary job was guaranteed. Based on Mr. Kline's Form 14, the presumed child support amount was $285

per month. This amount does not represent a change of 20 percent or more from his current monthly payment.

A reviewing court defers "to the trial court's determination of credibility, viewing the evidence and inferences [drawn] therefrom in the light most favorable to the decree and disregarding all contrary evidence and inferences." *Price v. Price*, 921 S.W.2d 668, 671 (Mo.App.1996). " '[A] trial court is free to believe or disbelieve all, part, or none of the testimony of any witness.' " *Id.* (citation omitted). The trial court accepted Mr. Kline's Form 14 [1] and rejected Ms. Crotty's Form 14. *See, Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App.1996). Based on Mr. Kline's form, the trial court determined that there was not an increase of 20 percent or more from the existing child support order. The trial court's decision is supported by the evidence, and it therefore was not error to deny Ms. Crotty's motion for modification. Point denied.

In her second point, Ms. Crotty argues that the trial court's award of attorney fees and court costs was against the weight of the evidence and was so arbitrary and unreasonable as to shock's one sense of justice and indicate a lack of deliberation. She contends that her argument is based upon the following: that her monthly gross income is virtually identical to that of Mr. Kline; that Mr. Kline agreed to drop any request for attorney fees if a mediation agreement was reached and that, while such an agreement was reached, Mr. Kline rescinded it and proceeded to trial; that the trial court entered a presumed monthly child support amount of $281 without any evidentiary basis or its own Form 14; that neither Mr. Kline nor the trial court included Mr. Kline's additional income in any Form 14 calculations; and that the trial court stated that the award of attorney fees was "in the nature of an order for support and ... nondischargeable in bankruptcy," which necessitates a finding that a party prove their inability to pay the costs of litigation in order to receive such an

1. Mr. Kline's Form 14 calculated the presumed monthly child support amount to be $285. In its Order, the trial court found that the presumed child support amount calculated according to Form 14 is $281 per month. This discrepancy appears to be a typographical error.

award and no such finding was made in this case.

A trial court has broad discretion in awarding attorney fees. *Ansevics v. Cashaw,* 881 S.W.2d 247, 250 (Mo.App.1994). Such an award will not be overturned absent a clear abuse of discretion. *Id.* The party challenging the award "must show that the trial court's award was 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.'" *Id.* (citation omitted).

Ms. Crotty first argues that, because her monthly gross income is similar to that of Mr. Kline, she does not have any greater ability to pay attorney fees than Mr. Kline. Under § 452.355.1, RSMo 1994, the trial court may consider all relevant factors, including the financial resources of both parties, when determining whether to grant a request for attorney fees. *Id.* However, the "ability to pay is merely one of the relevant factors which the court may consider under the statute." *In re Marriage of Haynes,* 913 S.W.2d 73, 75 (Mo.App.1995). The ability to pay is not a dispositive factor. The trial court stated that it considered all relevant factors, including the financial resources of both parties. It was not an abuse of discretion for the trial court to award attorney fees in a situation where the parties had similar financial conditions.

Ms. Crotty's remaining contentions under this point are either irrelevant to the award of attorney fees, have no evidentiary basis, or lack legal support. We will not address these arguments. Rule 84.16(b). The trial court's award of attorney fees against Ms. Crotty was not arbitrary or unreasonable and was not an abuse of discretion. Point denied.

The judgment of the trial court denying the appellant's motion to modify child support and awarding attorney fees and costs to the respondent is affirmed.

ELLIS and LAURA DENVIR STITH, JJ., concur.