Kevin T. THURMAN, Appellant,

v.

Beth A. THURMAN, Respondent.

No. WD 60904.

Missouri Court of Appeals, Western District.

Jan. 28, 2003.

Daniel Richard Green, Jefferson City, for Appellant.

Mark Anthony Richardson, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge

Appellant Kevin Thurman ("Father") appeals the dismissal of his motion to modify child support upon a finding that there had been no substantial and continuing change of circumstances since the original dissolution judgment. Finding no error in the proceedings below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the original dissolution action, it appears that Father was employed by an insurance business, though the particular details of his employment cannot be determined within the record on appeal. At some point prior to the dissolution, he left that position and was working part-time for Federal Express and at another part-time job.

The parties' marriage was dissolved by a judgment of the circuit court on November 2, 1999. There were three minor children of the marriage. Custody of the parties' son was awarded to Father, and custody of the two daughters was awarded to respondent Beth Thurman ("Mother"). The trial court also ordered Father to pay $450 per month in child support to Mother. In reaching that child support calculation, the dissolution court imputed income to Father. Neither the amount of income imputed to Father nor the reason for that imputation can be ascertained from the record on appeal.

Sometime after the dissolution, Father became employed full-time by FedEx. In May 2001, he left FedEx to attend university classes. Father's motion to modify was subsequently filed on May 24, 2001, alleging that the parties' Form 14 calculation had changed, reducing Father's child support obligation to less than eighty per-

cent of the amount originally ordered. Mother filed a motion to dismiss, arguing that there had been no substantial and continuing change of circumstances.

At the hearing, Father testified that his income for the current year and the previous three years ranged from $22,024 to $30,394 per year. He estimated his income for 2001 would be approximately $26,000. Father also testified to an average monthly income of $2,178, based upon his income in the past four years. Mother testified that her monthly income was $1,612. Father submitted Form 14 calculations showing a net presumed child support amount of $202 per month. That net amount was the difference between the Father's presumed support obligation of $475 per month and Mother's presumed support obligation of $273 per month.

There was also evidence adduced that, since the dissolution judgment, Father had received a partial, lump-sum distribution from his mother's probate estate in the amount of $160,000. While Father would not be receiving any additional amounts on a periodic, recurring basis, he anticipated receiving an additional disbursement from the probate estate, which he stated could be as large as $60,000. Evidence was also presented that Father had ceased working after receiving his inheritance, for the purpose of attending college on a full-time basis.

Neither party requested detailed findings of fact or conclusions of law at the hearing. On November 25, 2001, the circuit court entered its judgment dismissing Father's motion to modify. That judgment was premised upon two grounds. First, it found that Father had not established that there had been a greater than twenty percent change in the presumed child support amount. Second, it found that Father's voluntary underemployment and receipt of inheritance did not warrant a reduction in his child support obligations. Father now appeals that judgment.

## DISCUSSION

Father presents three points on appeal. First, Father argues that the trial court erred in dismissing his motion to modify because Father established a *prima facie* case that there had been a substantial and continuing change of circumstances, in that application of the Form 14 child support guidelines showed more than a twenty percent change of the presumed child support amount. In his second point on appeal, Father contends that the trial court erred in finding that he was underemployed, imputing income to him, as there was no substantial evidence to support that finding and that finding was against the weight of the evidence. For his final point on appeal, Father alleges that the trial court erred in dismissing his motion to modify on the basis that his inheritance rendered unwarranted any modification of his child support obligation. Father takes the position that the trial court improperly considered that inheritance as gross income.

In response to appellants' points on appeal, Mother contends that there was a substantial basis for each of the court's findings and that those findings were not an abuse of discretion. First, she contends that the trial court could properly impute income to Father due to his voluntary decision to quit work and attend college. Second, she takes the position that the trial court could properly take into consideration the inheritance Father received between the time of the dissolution judgment and the hearing.

While the trial court was ostensibly proceeding upon Mother's motion to dismiss, it appears that the parties and the court treated that hearing as a trial upon

the merits of Father's motion to modify. As such, the parties agree that the applicable standard of review is that applicable to court-tried cases. We will affirm the judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Patton v. Patton*, 973 S.W.2d 139, 144 (Mo. App.1998).

■ In determining whether Father's motion to modify should be granted, the trial court was required to determine whether there had been a substantial and continuing change of circumstances since the dissolution judgment. Section 452.370.1, RSMo 2000. A *prima facie* case can be made that there has been a change by showing that that there is more than twenty percent difference between the payor parent's current Form 14 calculations and those adopted by the court in support of the prior child support judgment. *Crotty v. Kline*, 947 S.W.2d 121, 123 (Mo.App.1997).

■ Here, it is critical to note that the original child support calculation included an imputation of income to Father due to a finding that he was underemployed. Therefore, the trial court is required to do more than merely compare Father's current Form 14 calculations with the amount of monthly child support that he is paying under the dissolution judgment. As part of determining whether there had been a change of circumstances, it was also necessary for the trial court to consider whether the reasons for the original imputation of income were still present or whether imputation was no longer necessary. Here, the trial court apparently found that Father had failed to establish that the original basis for the imputation was no longer applicable.

The record on appeal does not contain the original dissolution judgment nor does it contain the Form 14 calculations relied upon by the court issuing that judgment. We therefore have no record of the circumstances at the time of the original dissolution judgment. Lacking that record, it is impossible for this court to review Father's claim that the trial court erred in finding that there had been no substantial and continuing change of circumstances between the time of that judgment and the filing of Father's motion to modify. We therefore deny Father's first point on appeal.

■ The insufficient record on appeal also hinders our consideration of Father's second point on appeal. We do not know the amount of income originally imputed to Father in the dissolution judgment. What is clear from the record, however, is that Father discontinued working to attend college full-time. When a party becomes voluntarily unemployed for the purposes of attending college, a trial court may properly impute income to that party. *See Stufflebean v. Stufflebean*, 941 S.W.2d 844, 846 (Mo.App.1997). Based upon the evidence presented at the hearing, the trial court did not abuse its discretion in imputing income to Father. Father's second point on appeal is denied.

Father's last point on appeal alleges that the trial court erred in considering the lump-sum inheritance he received from his mother's probate estate. Father concedes that the trial court may properly consider financial resources other than gross income in determining a parent's child support obligation. As stated in *In re Marriage of Petersen*, 22 S.W.3d 760 (Mo.App. 2000):

The trial court should consider not only a parent's earnings for services rendered, but rather all resources available to him or her. No resource avail-

able to a parent is exempt from the obligation to support the children, including the largesse to the parent from a third party.

While one's salary is usually the most important factor in one's ability to pay, the court may consider other resources for maintenance and child support; nothing is exempt from these primary calls upon a parent's resources.

*Id.* at 764 (internal citations omitted). Father attempts to distinguish *Petersen* on the basis that the amounts received by the payor parent in that case were recurring monthly gifts from that person's parents. Given that the inheritance received by Father was a single payment, he contends that the rationale underlying *Petersen* is not applicable here.

We disagree. In *Amyx v. Collins,* 914 S.W.2d 370, 374 (Mo.App.1996), a $35,000 inheritance received by the parent paying support was a proper factor underlying the trial court's denial of that parent's motion to modify. Other cases have held that assets other than recurring gifts or other payments were properly considered in determining a payor parent's child support obligation. In *Sturgeon v. Sturgeon,* 849 S.W.2d 171, 175–76 (Mo.App.1993), the court stated that equity in real estate could be considered for those purposes. In *Browning v. Browning,* 947 S.W.2d 106, 110 (Mo.App.1997), the marital property set aside to a spouse (which included stock, IRAs, mutual funds, and a promissory note from the other spouse in the amount of $16,700) was taken into consideration.

■ Finally, Father also relies upon *Gainey v. Gainey,* 89 Wash.App. 269, 948 P.2d 865, 869 (1997) and *Nass v. Seaton,* 904 P.2d 412, 416 (Alaska 1995), which held that gifts to an obligor parent could not be considered as "income" for purposes of calculating child support. These cases are neither binding on this court nor do we

consider them persuasive on the issue before us. The trial court did not abuse its discretion in considering the lump sum inheritance particularly where as herein that resource allowed father to cease employment to return to college.

We conclude that the trial court did not abuse its discretion in considering the inheritance received by Father as an asset available to Father in determining whether there had been a change of circumstances since the dissolution judgment that necessitated a reduction of Father's child support obligation. Point denied.

To the extent that we may take up Father's points on appeal, due to the insufficient record on appeal, we conclude that the trial court's judgment to be supported by substantial evidence and not against the weight of the evidence. There is no indication that the trial court erroneously declared or applied the law.

Finding no error in the proceedings below, the judgment of the trial court is hereby affirmed.

ROBERT G. ULRICH, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.