

# In the Missouri Court of Appeals
# Eastern District
## DIVISON TWO

| | | |
|---|---|---|
| CYNTHIA A. (QUICK) GOERS, | ) | No. ED103209 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 11SL-DR05300-01 |
| | ) | |
| CHRISTOPHER L. GOERS, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Appellant. | ) | Filed: October 4, 2016 |

## I.     Introduction

Christopher Goers (Father) appeals the judgment entered by the motion court following a hearing on Father's motion to modify child support ordered to be paid to Cynthia Quick Goers (Mother). Father requested the court terminate both his obligation to pay child support and his obligation to pay half of any uninsured dental and medical expenses of his children retroactive to October 2013. Father's motion was granted in part and denied in part. We affirm the decision of the court.

## II. Facts and Procedural Background

Father and Mother married on February 14, 1998, and had three children: M.G. (22), S.G. (19), and C.G. (17). All three children live with their Mother, and the two youngest are unemancipated at the present time.[1]

On December 21, 2012, the St. Louis County Family Court entered a judgment of dissolution of marriage and awarded Mother sole physical and legal custody of the children. The court ordered Father to pay $480 per month for the three minor children as well as one half of their uninsured medical expenses, retroactive to November 1, 2012.[2] At the time, Father was not working and agreed to enter minimum wage ($1,260 per month) into the presumed child support amount calculation worksheet (Civil Procedure Form No. 14) for his imputed income.[3] Mo. Sup. Ct. R. 88.01.[4] Mother worked at St. Louis Children's Hospital earning $1,950 per month, and was ordered to pay the remainder of the children's costs. Mother has paid for all of the children's costs since the time of judgment because Father has never made a payment to her for child support.[5] Father filed a motion to modify child support on September 18, 2013, requesting the court terminate his child support obligation after he was remanded to the Missouri Department of Corrections.[6] Father was remanded to custody on August 9, 2013, and was incarcerated until January 30, 2015. During that time, he earned $8.50 per month from the State. Father's

---

[1] M.G. became emancipated when she turned 22 on September 8, 2015. RSMo § 452.340.5 (2000).

[2] The court ordered Mother to obtain and pay for insurance for the children, but did not require dental insurance.

[3] *See Bell v. Bell*, 125 S.W.3d 899, 906 (Mo. App. W.D. 2004) ("The Missouri Supreme Court established a two-step process for determining child support when it adopted Rule 88.01. First, the court must determine and find for the record the presumed correct child support amount pursuant to a correct Form 14 calculation. Then, the court must consider whether to rebut the presumed correct child support amount, as found by the court, as being unjust or inappropriate after consideration of all relevant factors.") (internal quotations omitted).

[4] All references are to Mo. Sup. Ct. R. (2014).

[5] With the exception of one tax return that was automatically applied to Father's debt.

[6] On June 6, 2013, Father was found guilty of two counts of first degree sodomy against his oldest daughter, M.G. As of June 6, 2013, Father owed $5,815.50 to Mother in child support. Father was sentenced August 9, 2013, to two concurrent, twenty-year sentences.

convictions were set aside on January 22, 2015, and he was granted a new trial. Father ultimately entered an Alford plea[7] on two new counts of child molestation and was sentenced to two years with credit for time served. He returned to prison on June 4, 2015, and was released December 2, 2015.

On November 19, 2014, the motion court held a hearing on Father's first motion to modify child support. On December 8, 2014, the court entered judgment granting father's motion in part and denying in part. The court ordered that Father must pay Mother $25 per week for the support of the children, retroactive to June 19, 2014. On March 6, 2015, the court granted a new trial based on Mother's motion to amend judgment or, in the alternative, motion for a new trial and set aside its original order and judgment. Additionally, the court allowed Father to file an amended motion to modify. Father filed his first amended motion to modify child support on March 12, 2015, asking the court to terminate his child support obligation and his obligation to pay half of uninsured dental and medical expenses of children. He requested that order be made retroactive to October 2013, when Mother was served with summons and Father's first motion to modify.

At trial on April 1, 2015, Father told the court he was actively seeking employment. He also stated he had a GED and experience working in construction, maintenance, and as a laborer. Father testified he was not in good health and was trying to qualify for disability. He testified his health prevented him from working in construction or as a laborer, and he had a skin condition that prevents him from working in the food industry.[8] At the time of the hearing, he stated he

---

[7] An "*Alford* plea" is a plea of guilty based upon certain precepts enunciated in *North Carolina v. Alford*, 400 U.S. 25 (1970). *Alford* held that where there was strong evidence of guilt, a defendant is not constitutionally required to admit commission of the criminal act in order to plead guilty. *See Bird v. State*, 657 S.W.2d 315 (Mo. App. E.D. 1983).

[8] Appellant's health conditions include tuberculosis within past two years, psoriatic arthritis (which makes it difficult for him to move and be in hot weather), and a heart condition.

could not obtain a job because of the pending charges against him. He stated he had no monthly income and he relied on the financial support of others.

Mother testified that Father owed approximately $12,332.53 at the time of the hearing, and she had received no payments for child support from him after the judgment was entered. She testified Father worked throughout their 15-year marriage. The court entered its Second Amended Findings, Conclusions, Order and Judgment on April 13, 2015, finding Father had demonstrated a substantial and continuing change in circumstances since entry of the judgment of dissolution of marriage, rendering the amount of child support unreasonable. The court granted Father's motion in part by ordering that beginning April 17, 2015, Father pay $100 per week for support of the children, retroactive to October 11, 2013. The court granted Mother a lien on Father's Missouri Department of Corrections account and ordered that Mother pay all reasonable and necessary medical expenses of the children. Father filed a motion to amend or modify judgment or for a new trial on May 13, 2015, pursuant to Rules 73.01(c) and 78.04. The court denied his motion and this appeal follows.

### III.    Standard of Review

A court has the discretion to determine whether to modify a parent's child support obligation, "and the trial court's decision will be reversed only for abuse of discretion or misapplication of the law." *Breuer v. Breuer*, 449 S.W.3d 409, 412 (Mo. App. E.D. 2014) (internal quotations omitted). "An abuse of discretion occurs when the trial court's ruling is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Kropf v. Jones*, 489 S.W.3d 830, 834 (Mo. App. E.D. 2015). A court determines child support in conformity with § 452.340 RSMo 2000[9] and applicable Missouri Supreme Court

---

[9] All statutory citations are to RSMo 2000 unless otherwise noted.

rules. *Breuer*, 449 S.W.3d at 414. Modification of child support is governed by § 452.370,[10] which states: "the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." *Brown v. Brown*, 19 S.W.3d 717, 724 (Mo. App. W.D. 2000). The burden of proof is on the parent seeking the modification. *Id.*

In *Oberg v. Oberg*, the Western District held that a father's imprisonment for two years did not justify a modification of his child support obligation of $200 per month even though his salary dropped from $3,000 to $15.00 and he had zero assets. 869 S.W.2d 235, 239 (Mo. App. W.D. 1993). The court held, "Although incarceration is not itself a voluntary situation, it is the foreseeable consequence of behavior that is voluntary and intentional. Therefore, incarceration does not excuse the obligation to support the needs of one's children." *Id.* at 238. The court additionally held that such motions made by an incarcerated parent should be considered "on a case-by-case basis" and courts have "considerable discretion." *Id.* The court went on to list a number of factors a court should consider in determining the appropriate amount of child support for an incarcerated parent:

> (1) [T]he length of incarceration experienced for the current conviction and the anticipated remaining period of incarceration,
> (2) the earning potential of the incarcerated parent following release,
> (3) the amount of the existing child support award, and
> (4) the total amount of child support that will accumulate upon the incarcerated parent's discharge. *Id.*

In the present case, the motion court considered the length of Father's incarceration— including the number of years remaining to be served, Father's earning potential upon release, his current obligation, and the total amount of support that would accumulate during his

---

[10] We note that section 452.370 was amended effective August 28, 2014, but that amendment does not apply to this case because it was effective after the modification proceedings. Therefore, our reference to § 452.370 is to RSMo 2000.

remaining time in prison. Evidence at his hearing showed Father's existing child support award was $480 per month, and he owed Mother $12,332.53 at the time of the hearing. Father testified that he could not find gainful employment because of the charges he was facing and further stated he had been in prison for 17 months. Consequently, the court retroactively modified Father's award to $433 per month effective October 11, 2013 and terminated his obligation to pay half of the children's uninsured medical costs for that time period and going forward.

## IV.    Discussion

The motion court did not abuse its discretion or misapply the law. The court found the child support award, determined in accordance with the Missouri Child Support Guidelines (Rule 88.01), was unjust and inappropriate in light of all relevant factors. Therefore, the court modified the award to approximately $433 per month ($100 per week), which is less than the presumed minimum amount for two children. The court also made the relief retroactive to the date Mother was first served with Father's motion to modify, October 11, 2013, and terminated Father's obligation to pay any medical costs for the children.

Father cites *State ex rel. Mosier v. Klein*, 83 S.W.3d 15 (Mo. App. E.D. 2002) for support that the court's ruling was a manifest abuse of discretion. In *Klein,* this Court held $100 per month was unreasonable because, using the earliest possible termination date, the amount movant would owe upon his release would have been 100% of his pre-incarceration annual income. This Court found that to be a manifest abuse of discretion and the amount to be unreasonable and unjust in light of movant's sentence and earning potential. After the original judgment ordering the movant in *Klein* to pay $233 per month in child support was entered, he was convicted of second degree murder and ordered to serve 25 years in prison with almost 20 years left to serve at the time of his appeal. Unlike *Klein*, in this case Father was not imprisoned

6

at the time of the hearing. *Klein* discusses two Missouri cases where incarcerated fathers appealed the denial of motions to modify child support judgments. 83 S.W.3d at 17. Citing *Oberg v. Oberg*, 869 S.W.2d 235, 239 (Mo. App. W.D. 1993); D*enton v. Sims*, 884 S.W.2d 86, 87 (Mo. App. E.D. 1994). In both cases the appellate courts affirmed the courts' judgments. *Id*. In *Oberg*, the movant was incarcerated for two years and was ordered to pay 14% of his pre-incarceration income upon his release in accrued child support. *Id*. In *Denton*, the amount was 6%. *Id*.

The percentage of pre-incarceration income Father owes in this case is closer to the amount owed by the movants in *Oberg* and *Denton*; unlike *Klein* Father would not owe 100% of his pre-incarceration income upon release. Based on the income imputed to him on Form 14 ($1,260 per month), Father would have owed $8,160 ($480 x 17) in arrears from his time in prison (38% of his pre-incarceration minimum wage income). With the court's modification to $433 per month, and elimination of medical costs, the Court reduced this amount to 34.3%. Like the movants in *Oberg* and *Denton* and unlike *Klein*, Father served a short prison term and was not currently incarcerated at the time of his hearing, affording Father a reasonable opportunity to earn income and reduce the financial burden. In the present case, the court weighed the factors from *Oberg* by considering the likelihood of Father's re-incarceration and his future earning potential. The court also weighed the needs of Father's children against his own needs.[11] The trial court noted in its judgment that using a new Form 14 submitted by Mother at the evidentiary hearing, Husband would owe an even higher amount of child support. The new Form raised Husband's imputed salary to $1,300 (based on the 2014 minimum wage) and attributed the cost of half the children's medical expenses arriving a total child support obligation of $526.04 per

---

[11] Appellant testified he lived rent-free with his girlfriend and his family members provided him with money to pay his bills.

7

month. It determined that a judgment of $100 per week followed by $75 per week when there was only one minor child was appropriate. After reviewing the court's application of the law and careful consideration of the relevant factors laid down by this Court, we do not find the modification was a manifest abuse of discretion.

### V.     Conclusion

The decision of the court is affirmed.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.