Catherine **SELLECK**, Respondent,

v.

Clay **SELLECK**, Appellant.

**No. ED 104878**

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

FILED: September 19, 2017

John W. Taylor, for appellant.

Jenna Rohr Conley, for respondent.

KURT S. ODENWALD, Judge

### Introduction

Clay Selleck ("Father") appeals from the motion court's judgment increasing his monthly child-support obligation for his minor son ("Child"). Father's sole point on appeal claims that the motion court erred in calculating his monthly child-support obligation because it failed to include gift money received by Catherine Selleck ("Mother") in determining the parties' respective incomes. Because the motion court did not abuse its discretion in calculating Mother's income without including any gift money, we affirm.

### Factual and Procedural History

Father and Mother married in May 2006, and Child was born of the marriage in 2007. Mother filed for divorce in March 2009. During the divorce proceedings, the parties entered into a settlement agreement pertaining to Child. Father and Mother agreed to share joint legal custody of Child, but Mother received physical custody and Father received limited visitation and parenting time. The parties also agreed that the presumed child-support award calculated under Form 14 was unjust and inappropriate because Mother, who was not employed at the time, was capable of employment. Father agreed to pay $300 per month in child-support starting in 2012. The trial court incorporated the settlement agreement into its dissolution decree.

In August 2014, Mother moved to modify the dissolution decree and to find Father in contempt, Mother sought sole legal and physical custody of Child as well as an increase in Father's monthly child-support obligation. Mother alleged that, due to Child's rising monthly costs and medical expenses, there was a substantial and continuing change of circumstance rendering the dissolution decree unreasonable. Father also moved to modify the dissolution decree, seeking an increase in custody, visitation, and a corresponding reduction in his child-support obligation. The parties settled the child-custody issue; Mother and Father retained joint legal custody, while Mother maintained physical custody. Father received increased custody time. The parties proceeded to a hearing on the child-support issue and the contempt motion.

At the hearing, Mother testified that she was employed by Francis Howell School District. Mother listed her gross monthly wages as $1347 and her net monthly wages as $1011. Mother stated that her average expected monthly expenses were $2827, and that she lived in an apartment with a monthly rent of $917.

In contrast, Father claimed $2380 in gross monthly wages, $1719 in net monthly income, and $1700 in monthly expenses.

Father reasoned that, although he earned a greater monthly income than Mother, Mother received substantial · gift money from her parents, allowing her to live a more luxurious lifestyle.

Mother acknowledged that she received gifts of money from her parents, and testified that she received "money here and there." Mother further explained that her mother "helps to pay every once in a while, but it's not a set amount every so many months. It's not a set amount each year ... She—she helps with—not every month, but she does help here—here and there, yes." Mother also explained that her father "helped out here and there." Mother admitted that contributions from her parents allowed her to avoid accumulating significant debt during the motion-to-modify proceedings. No direct evidence was admitted regarding the amount or regularity of the gift money Mother received.

In its judgment, the motion court found that there was a substantial and continuing change of circumstances regarding Child that necessitated a modification of the initial child-support obligation. The motion court further found in favor of Mother, using Mother's Form 14, which listed her total gross income as $1347, without including any additional amounts of gift income. Father's gross income was calculated at $2380. Mother's Form 14 found that Father's proportionate share of the parties' combined adjusted income of $3727 was 63.86%. Based on child care expenses and support of $1094 per month, Father's

monthly share amounted to $699. Father received a monthly $72 credit for the nights Child stayed with Father. Thus, the motion court ordered Father to pay $627 per month.

The motion court incorporated and attached Mother's completed Form 14 to the modification judgment. The motion court also found Father in contempt and awarded Mother a monetary award unrelated to Father's monthly child-support obligation. The motion court subsequently amended its judgment, unrelated to the child-support award.[1] This appeal follows.[2]

## Point on Appeal

In his sole point on appeal, Father argues that the motion court abused its discretion in increasing his monthly child-support obligation because the motion court failed to include gift money received by Mother in determining the parties' respective incomes.

## Discussion

### I. Standard of Review

In determining the parties' child-support obligations, the motion court has considerable discretion to include or exclude gift money in calculating the parties' respective incomes. Fike v. Fike, 509 S.W.3d 787, 797, 800 (Mo. App. E.D. 2016); Word v. Peterson, 57 S.W.3d 894, 901 (Mo. App. W.D. 2001). Thus, we review the motion court's ruling for an abuse of discre-

1. The amended judgment altered two paragraphs of the modification judgment, on issues that did not relate to Father's monthly child-support obligation. The amended judgment, although incorporating by reference the completed Form 14 and Parenting Plan, did not attach them to the amended judgment as exhibits. In this situation, it is clear that the amended judgment referenced the previously filed and attached Form 14 and Parenting Plan. Thus, we are not precluded from exer-

cising appellate review. See Ulmanis v. Ulmanis (In re Ulmanis), 23 S.W.3d 814, 820 (Mo. App. S.D. 2000).

2. On appeal, Father moved to strike selected portions of Mother's Supplemental Statement of Facts and Memorandum in Support for violating Rule 84.04(c). After considering the merits of Father's motion, we hereby deny the motion.

tion. See Word, 57 S.W.3d at 901. "An abuse of discretion occurs when the trial court's ruling is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration," Goers v. Goers, 499 S.W.3d 777, 780 (Mo. App. E.D. 2016).

■ In considering the motion court's determination, this Court views the evidence in the light most favorable to the ruling and defers to the motion court regarding its credibility determinations and assigning weight to witness testimony. Metzger v. Franklin, 496 S.W.3d 547, 549 (Mo. App. S.D. 2016); Aubuchon v. Hale, 453 S.W.3d 318, 324 (Mo. App. E.D. 2014). The motion court is in a unique position to weigh the credibility of the witnesses, as well as to observe their sincerity, character, and other trial intangibles, which the record may not reflect. See Panettiere v. Panettiere, 945 S.W.2d 533, 543 (Mo. App. W.D. 1997). Accordingly, the motion court "is free to believe or disbelieve all, part[,] or none of the testimony of any witness." McDaniel v. McDaniel, 419 S.W.3d 828, 831 (Mo. App. S.D. 2013).

## II. No Motion-Court Error

■ Modification of a child-support award is governed by Section 452.370,[3] which requires a showing of changed circumstances so substantial and continuing as to make the original child-support obligation unreasonable. Goers, 499 S.W.3d at 780. The party seeking to modify the original child-support decree bears the burden of proof to show the substantial and continuing change of circumstances. Id. "Once the party seeking modification has met this burden, the court then determines the child support amount 'in conformity with criteria set forth in [S]ection 452.340 and applicable [S]upreme [C]ourt rules.'"

**3.** All statutory references are to RSMo (2016).

Breuer v. Breuer, 449 S.W.3d 409, 414 (Mo. App. E.D. 2014) (quoting Bearce v. Lewey, 182 S.W.3d 737, 742 (Mo. App. W.D. 2006)). Section 452.340 requires the trial court to consider all relevant factors and circumstances when awarding child support, including the financial resources and needs of the parents. Petersen v. Petersen (In re Petersen), 22 S.W.3d 760, 764 (Mo. App. S.D. 2000); see Section 452.340.1 (permitting the court to award child support "after considering all relevant factors[.]").

■ In addressing the financial resources of the parents, the trial court may consider *all* of the resources and avenues of income available to the parent in making its determination. Schneithorst v. Schneithorst, 473 S.W.3d 239, 250 (Mo. App. E.D. 2015); Elnicki v. Caracci, 445 S.W.3d 59, 68 (Mo. App. E.D. 2014). While a party's salary is usually the most significant component of a parent's ability to pay child support, the court may consider other resources; "nothing is exempt from these primary calls upon a parent's resources," Petersen, 22 S.W.3d at 764: see Thurman v. Thurman, 95 S.W.3d 172, 175-76 (Mo. App. W.D. 2003). Therefore, the court, in computing a party's income, may consider any largesse to the parent from a third party. Thurman, 95 S.W.3d at 176. Yet, "while the circuit court may consider gift income in computing its Form 14 calculations, the decision whether to include those gifts is in the discretion of the court." Word, 57 S.W.3d at 901.

■ Here, the motion court found that there was a substantial and continuing change of circumstances requiring modification of the divorce decree. Father does not challenge that finding in this appeal. Having found a substantial and continuing change of circumstances, the motion court

then accepted Mother's proposed Form 14,[4] and used her Form 14 to calculate the presumed child-support award as required by Rule 88.01.[5] Mother's Form 14 listed her total monthly income as $1347, which constituted the gross wages received from her employment with Francis Howell School District. Mother's Form 14 did not include any monthly income from her parents or third parties as gift income; nor did it include income from any other source.

Father argues that we must accept that Mother regularly received at least $1800 dollars a month from her parents. According to Father, Mother estimated her monthly expenses at $2827 and her monthly net income at $1011. Mother testified that she was not accumulating any significant debt throughout the duration of the modification proceeding. Further, Mother spent $917 in rent, nearly her entire monthly net salary. Mother did not suggest that she had substantial assets to liquidate in order to cover her monthly deficit.

We understand and acknowledge Father's argument. But, in so arguing, Father ignores our standard of review. We defer to the motion court regarding credibility determinations and assigning weight to witness testimony. Aubuchon, 453 S.W.3d at 324. The motion court is in a unique position to gauge the credibility of the witnesses, observing their sincerity, character, and other trial intangibles. See Panettiere, 945 S.W.2d at 543.

Mother testified that she received "money here and there" from her parents. Mother explained that her mother "helps to pay every once in a while, but it's not a set amount every so many months. It's not a set amount each year ... She she helps with—not every month, but she does help here—here and there, yes." Mother clarified that, since the beginning of the motion-to-modify proceeding, money received from her parents did help to prevent significant accumulation of debt. Asked again about her parents' gifts, Mother repeated that both of her parents "helped out here and there."

Mother specifically testified that the gift money she received from her parents was infrequent and that there was no regular expected, set amount. No evidence to the contrary was presented. Infrequent and irregular gifts from third parties need not be included in determining a parent's income. See Fike, 509 S.W.3d at 799-800 (the trial court did not err in accepting a parent's testimony that gifts received from his family did not rise to the level of predictability and stability required to be considered as a part of parent's income); Schneithorst, 473 S.W.3d at 251 (the motion court erred in finding that five monthly payments of $2500 received by a party constituted gift income received with sufficient regularity to use in calculating child support).

The record before us contains no evidence of regular deposits of money to

---

4. The motion court can either accept or reject a party's Form 14. Potts v. Potts, 303 S.W.3d 177, 194 (Mo, App. W.D. 2010). If the motion court rejects the parties' Form 14 calculations, the motion court can prepare its own Form 14. Valentine v. Valentine, 400 S.W.3d 14, 30 (Mo. App. E.D. 2013). The motion court will then use Form 14 to calculate the presumed child-support award; it must then accept that calculation, unless it finds, after considering all relevant factors, that it is un-

just or inappropriate to award the presumed amount. Potts, 303 S.W.3d at 194. Here, the motion court used Mother's Form 14 to find a presumed amount owed of $627 a month and modified Father's child-support obligation to that amount.

5. All rule references are to Mo. R. Civ. P. (2016).

Mother from her parents, any check slips, or any other tangible evidence of the amount Mother received as gifts. While such direct proof is not required for a court to consider largesse from a third party as a component of a parent's income for child support, such proof evidences the regularity and the specific amounts of the gifts. See Petersen, 22 S.W.3d at 764-65 (determining that the trial court did not err in finding $2000 of gift income each month where the evidence showed that the mother's parents deposited an average of $2000 a month for seventeen months in her checking account and that they expected to continue making regular deposits).

Nor does the record contain any evidence indicating that the gift money from family members to Mother was expected to continue. Mother's parents were not obligated to continue making occasional financial contributions to help Mother meet some of her monthly expenses. The evidence elicited further did not demonstrate the Mother had actual control over the gift money. Importantly, there was no evidence that Mother had complete and unconditional control over any gifts of money or had any legal entitlement to the funds provided. See Schneithorst, 473 S.W.3d at 250 (finding that the motion court erred in considering third-party gifts as a part of father's income where there was no evidence that the largesse was ever given directly to the father or that he could control how the funds were spent).

■■■ Ultimately, the motion court listened to Mother's testimony, observed her demeanor, and considered her testimony in the light of the presented evidence of estimated monthly expenses and income, which the motion court was free to believe or disbelieve. The motion court then credited her testimony pertaining to the amount of her gross income, accepting her proposed Form 14. Without more information on the amount and regularity of the gift money received by Mother, we are unwilling to hold that the motion court abused its discretion in accepting Mother's testimony that the gifts were infrequent, and not crediting any monetary gifts from Mother's family members to her income. While gift Income certainly may be considered by the court in affixing the amount of child support, the sparse evidence of gift income to Mother—and Father's selective interpretation of the evidence before the motion court—does not establish that the motion court abused its discretion,[6] Point denied.

### Conclusion

The judgment of the motion court is affirmed.

Robert G. Dowd, Jr., P.J., concurs.

Sherri B. Sullivan, J., concurs.

---

6. Father also proposes that the motion court erred by not making his requested factual findings, as required by Rule 73.01, pertaining to Mother's gift income. However, allegations of error relating to a failure to make factual findings in a court-tried case are not preserved for appeal unless they are raised in a post-trial motion to amend the court's judgment pursuant to Rule 78.07(c). Country Club of the Ozarks, LLC v. CCO Investments, LLC, 338 S.W.3d 325, 336 (Mo. App. S.D. 2011); Coffman v. Coffman, 300 S.W.3d 267, 273 (Mo. App. W.D. 2009). Father did not file a post-trial motion to amend the motion court's judgment. Therefore, Father did not preserve this alleged motion-court error for appeal.