**In re the Marriage of Barbara Jean HYLTON, Respondent,**

v.

**Clark Glen HYLTON, Appellant.**

**No. WD 37846.**

Missouri Court of Appeals,
Western District.

Sept. 2, 1986.

Leonard K. Breon, Breon & Leffler, Warrensburg, for appellant.

Charles B. Fitzgerald, Fitzgerald, Fitzgerald & Carter, Warrensburg, for respondent.

Before SHANGLER, J.P., and DIXON and LOWENSTEIN, JJ.

PER CURIAM:

The husband appeals from a judgment entered on a dissolution decree in which the trial court set aside a deed executed by wife that conveyed certain real property from wife to husband and wife as tenants by the entirety. On appeal the husband contests the propriety of the trial court's determination that the deed was made under duress. Husband also claims that the trial court abused its discretion in awarding wife maintenance.

Husband and wife were married October 17, 1980. At the time of the marriage, wife owned as her separate property a 50–acre parcel of real estate which was subject to two debts. One was a purchase money mortgage and the other was a deed of trust to a bank. The balance due on the debts totalled $23,000.

The parties separated for a while in 1982 but had reconciled just prior to the time a note payment was due on the purchase money mortgage. Wife lacked funds to make the $2856.00 annual payment and husband agreed to make the payment for her if she would make a conveyance to provide for a tenancy by the entirety. Husband made the payment and on August 20, 1982, a warranty deed conveying the property to both spouses was executed and recorded. In 1983 and 1984 the annual payments were made from the parties' income tax refunds with the difference between the payment and the refund being provided each year by husband. Wife made the 1985 payment on the purchase money mortgage by getting an advance on future child support payments due her from her previous husband, and she has made all the payments on the debt owed to the bank from past child support payments. The evidence showed the real estate to be worth $49,050 to $61,115.

At the hearing much of the testimony went to the ownership of various items of personal property. Wife testified that she has advanced money from her separate funds to husband to aid him in his business. She has also done office work and manual labor to help husband in that regard. Wife claimed to have been assaulted by husband twice during the marriage. As a result of the last assault "vertebrae [were] messed up in [her] neck," and she had to seek medical treatment. Wife was still seeing a chiropractor twice weekly for her neck at the time of the hearing.

Husband denied one of the assaults and claimed the other assault was really an act of self-defense. Wife was threatening to get a gun and husband grabbed her from behind causing the two of them to fall onto the bed. Husband claimed to have made about $12,000 worth of improvements on the real estate. Wife admitted husband had done work on the house although she also asserted that some of the alterations made by husband were for his own benefit and detracted from the appearance of the home. Other of his projects were unfinished.

For health reasons wife had quit her job about two weeks prior to trial. Although she does woodworking as a hobby and sells her products, husband took some of the tools she needs to work when the parties separated. Wife testified that her monthly expenses are approximately $829. That estimate apparently includes the expense of

supporting a teen-age son born to wife during a previous marriage.

In his first point husband claims the trial court erred in setting aside the deed wife made to create a tenancy by the entirety. The court treated the property as separate property of the wife, denied husband any part in it, and ordered the husband to convey his interest back to the wife. Husband further claims that the court, when making the division of household goods, ignored the presumption that all property acquired during marriage is marital property.

The trial judge found that the parties were owners by the entirety of the real estate, but

> that said property was originally owned by [wife] until the 20th day of August, 1982, when she, as the result of duress and coercion by [husband], conveyed the property by deed ... to the parties as Husband and Wife; that because of the duress and coercion by [husband] as shown by the evidence herein, the real estate is set over to the [wife] as her sole property....

It is husband's contention that there was no evidence presented at the hearing to support such a finding.

"The evidence to justify the cancellation of a deed must be clear, cogent and convincing." *Nichols v. Wirts*, 270 S.W.2d 801, 805 (Mo.1954). The burden of proof was on the wife in this case to produce clear, cogent and convincing evidence that "there were threats amounting, in effect, to virtual coercion and duress," which overcame wife's will and rendered her incapable of freely exercising her own will power and judgment. *Dreckshage v. Dreckshage*, 352 Mo. 78, 90, 176 S.W.2d 7, 14 (1943). In other words, the wife would have to show that, except for the threats, she would have executed no deed. *Dreckshage*, 352 Mo. at 90, 176 S.W.2d at 14.

No such evidence existed in this case. Wife did not allege in her petition that the deed was executed under duress, nor did she specifically seek to have the deed set aside. She merely testified that husband had promised to make the payment for her but that he then changed his mind and would not make the payment "unless his name was on the Warranty Deed." There is no evidence that husband threatened wife except to say he would not make the payment nor is there any evidence that wife tried unsuccessfully to secure funds elsewhere. Wife does not allege any assault by husband until the next year so there is no reason to believe she was in fear of her physical well-being when she executed the deed. It appears that husband simply spelled out his terms and wife complied with his requests. Clear, cogent and convincing evidence of duress does not exist and the deed must stand.

Since the deed is valid it is unnecessary to determine whether, without the deed, the real estate in question would have been marital property or wife's separate property under *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984). The law is clear that a spouse may by agreement, either express or implied, transmute an item of once separate property into marital property. *Daniels v. Daniels*, 557 S.W.2d 702, 704 (Mo.App.1977); *Layton v. Layton*, 673 S.W.2d 462, 464 (Mo.App.1984). Here, wife made an express agreement with husband that in exchange for husband's help with the note payment, wife would transfer an interest in the property to husband. Husband made the payment and wife executed a new deed. The real estate was transmuted into marital property and should have been treated as such by the trial court.

Characterization of the real estate as marital property is not to say that wife may not be awarded the property. One of the factors to be considered by the trial court in making the division of marital property is the contribution of each spouse to the acquisition of the marital property. § 452.330.1(1), RSMo Supp.1984; *Shelor v. Shelor*, 683 S.W.2d 647, 648 (Mo.App.1984); *In re the Marriage of Strelow*, 581 S.W.2d 426, 430 (Mo.App.1979). Certainly, it is relevant that the real estate was owned by wife prior to her marriage to husband. Also relevant is husband's efforts in help-

ing to pay for and make improvements on the property. The record on appeal does not reflect who provided what funds toward the real estate's trial-date value. There is no evidence of the value of the asset at the time of marriage or at the time husband received his interest in the property. Nor does the record reveal the extent of the debt reduction before or after the tenancy by the entirety was created, or whether the funds used for payment were truly separate or marital.

The ultimate goal of the trial court must be to effect a just and equitable division of the property. *Davis v. Davis*, 693 S.W.2d 879, 882 (Mo.App.1985). With that end in mind, and with the real estate and all other property acquired by the parties subsequent to the marriage except that exempted by § 452.330.2, RSMo Supp.1984, included in the marital property, the decree as to division of property is reversed, and the case is remanded to the trial court for redivision of the marital property. Because the award of maintenance is at least in part related to the property set aside for and awarded to each party, § 452.335.1(1), RSMo 1978, that portion of the decree must be reversed as well.

The judgment of the trial court concerning the division of property and the award of maintenance is reversed and the cause is remanded for a new trial.