**Vera GREMAUD, Respondent,**

v.

**Gregory GREMAUD, Appellant.**

**No. 63095.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

**Merlyn BARTH, Petitioner/Appellant,**

v.

**Penelope EVANS, f/k/a Penelope Barth, Respondent/Respondent.**

**No. 62609.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 20, 1993.

### ORDER

Paul E. Ground, Manchester, for appellant.

Jeffrey B. Dale, Ballwin, for respondent.

CRIST, Judge.

Husband appeals from a judgment entered on a dissolution of marriage. On appeal, Husband contests the division of the marital property, the award and amount of maintenance, and an award of attorney's fees to Wife. We affirm.

Husband and Wife were married on November 19, 1966. Two children were born of the marriage, both of whom are emancipated. Prior to their marriage, Wife had been married to Floyd Feld. When Wife's marriage to Feld ended in divorce in 1964, Wife was awarded the marital home which was purchased in 1955. In 1976, Wife filed a quit claim deed on the house retitling it in her name and Husband's name. Furthermore, until the mortgage on the house was paid in 1980, payments on the note were made with marital funds. At the date of trial, the current tax evaluation on the home was $65,800.

During the marriage, Husband was the primary wage earner. His gross income for 1988 was $25,526.67; for 1989, $23,973.29; and for 1990, $24,734. His projected income for 1991 was $28,400. Wife has worked for 19 years in housecleaning. She works part-time and earns approximately $120 per week, or $6,240 per year. Twenty-four years ago she had done some part-time work as a receptionist. During the marriage, Wife received an inheritance of approximately $27,-000. Wife gave about one-half of that amount to her three children. At trial, Wife testified she had approximately $6,600 remaining of the inheritance. The remainder she used to pay for her living expenses and upkeep on the house. Husband also received an inheritance of a one-thirtieth interest in 55 acres in Jefferson County. The value of that interest was approximately $34,700.

On July 25, 1990, Wife filed a petition for legal separation. She later amended that

petition to a petition for dissolution of marriage on June 4, 1992. After trial, judgment of dissolution was entered on September 21, 1992.

In the decree of dissolution, the trial court set aside separate property to Wife of her inheritance worth $6,700 and separate property to Husband of $34,833.33. It then divided the marital property and also ordered Wife to pay the following debts totalling $9,469.83: (1) tax lien on home, $910.65; (2) marital debts, $4,734.93; and (3) loan, $3,824.23. The division and values are as follows:

| Wife | | | Husband | | |
|---|---|---|---|---|---|
| Home | $65,800.00 | | Checking | $ — * | |
| 1980 AMC | — * | | Comm'ty Fed. | 3,460.93 | |
| Checking | — * | | 78 Plymouth | — * | |
| Maritz Invest | 9,740.00 | | 78 Chevy Van | — * | |
| Misc. Household | — * | | Misc. Household | — * | |
| | | | Life Insurance | 624.49 | |
| | | | | 378.75 | |
| | | | | 210.00 | |
| | | | Maritz Pension | 30,394.00 | |
| | | | Maritz Invest. | 13,007.11 | |
| TOTAL ASSETS (approximate) | $75,540.00 | | | $48,075.28 | |
| Less Debts | $ 9,469.83 | | | $ 0 | |
| BALANCE | $66,070.17 | 58% | | $48,075.28 | 42% |

*Indicates the court placed no valuation on this item.

The court stated that in awarding Wife approximately $18,000 more in marital assets it considered the fact Wife had brought the marital home into the marriage. Further, the court found Wife lacked sufficient property and was unable to support herself and ordered Husband to pay Wife $450 per month in maintenance until his retirement on June 1, 1997. The court also ordered Husband to pay Wife's attorney's fees in the amount of $2,000.

Husband raises four points on appeal. We examine them in a different order than Husband has presented them. We first look to Husband's argument the trial court erred in its division of the marital property. Husband argues setting aside approximately $18,000 of the value of the marital home was in error because the home had clearly been transmuted into marital property.

■ We note the trial court has considerable discretion in dividing the marital property. *Russo v. Russo*, 760 S.W.2d 621, 625 (Mo.App.1988). We may only interfere if the division is so heavily weighted in favor of Wife as to amount to an abuse of discretion.

*Mills v. Mills*, 663 S.W.2d 369, 372[8] (Mo. App.1983). Further, the fact one party is awarded a higher percentage of marital assets is not a per se abuse of discretion. *Cofer v. Price–Cofer*, 825 S.W.2d 369, 374[6] (Mo.App.1992).

Husband's argument is misplaced. He is correct in his assertion the home which Wife had brought into the marriage had been transmuted from her separate property into marital property. Indeed, the trial court clearly recognized this in its decree by stating, "the marital home ... which this Court finds to be marital property." Therefore, the only issue is whether the trial court erred in its division of the marital property.

■ Section 452.330, RSMo Supp.1992, provides the factors to be considered by the trial court in making a "just" division of the marital property:

[T]he court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective ...

(2) The *contribution of each spouse to the acquisition of the marital property* ...

(3) The value of the nonmarital property set apart to each spouse;

§ 452.330.1 (emphasis added). In this case, the trial court did not abuse its discretion in considering Wife brought the marital home into the marriage as her separate property in its division of the marital property. Transmutation of separate property into marital property will not preclude the trial court from considering the premarital contribution in dividing the marital property. *See Hylton v. Hylton,* 716 S.W.2d 850, 852 (Mo.App.1986) ("Characterization of the real estate as marital property is not to say that wife may not be awarded the property."). In fact, § 452.-330 clearly provides for such consideration.

Husband argues transmutation requires an equal division. However, we have noted frequently that the trial court is not required to make an equal division of marital property, but only a just division. *Mills,* 663 S.W.2d at 372[7]. Furthermore, transmutation relates to reclassification of formerly separate property to marital property. *See, Tracy v. Tracy,* 791 S.W.2d 924, 926–27 (Mo.App.1990). Once classified as marital property, the factors listed in § 452.330 apply in dividing the property. There is no specific formula regarding the respective weights to be given to the relevant factors. *Cofer,* 825 S.W.2d at 375[8]; *In re Marriage of Gourley,* 811 S.W.2d 13, 20[6] (Mo.App.1991).

Here, Wife owned the marital home before the marriage for approximately eleven years. The only evidence regarding the value of the home prior to her marriage to Husband was Wife's testimony she believed it was worth about $25,000 at the time she married Husband. Husband testified that the value of $25,000 was "good enough" for him because he had "no idea what it would have been worth." Wife had also used part of her inheritance for upkeep on the house. Further, Wife's economic circumstances at the time of trial were bleak. In contrast, Husband had a job earning over $28,000 per year. Also, Husband had separate property of over $34,000, while Wife's was only $6,700. Point denied.

Husband next challenges the award of maintenance to Wife. He first argues Wife was not entitled to maintenance pursuant to the requirements of § 452.335.1, RSMo Supp. 1992.

■ We must affirm the trial court's order unless it is unsupported by substantial evidence, against the weight of the evidence, erroneously declares the law, or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

■ The trial court may enter an award of maintenance to Wife only if it finds Wife:

(1) Lacks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs; and

(2) Is unable to support [herself] through appropriate employment. . . .

§ 452.335.1.

There is substantial evidence to support the trial court's finding Wife lacked sufficient property to provide for her reasonable needs. The marital property apportioned Wife consisted mainly of the marital home, valued at $65,800. Wife is not required to sell that home to meet her living expenses. *Sinclair v. Sinclair,* 837 S.W.2d 355, 360[14] (Mo.App. 1992); *Phelps v. Phelps,* 620 S.W.2d 462, 465 (Mo.App.1981). Wife was awarded separate property of $6,700, but which secured a loan of $3,824.23. Finally, Wife was awarded $9,740 from Husband's Maritz Investment Plan. However, even including any possible interest income, Wife's expenses greatly exceed her income. Wife's statement of expenses indicates she has $1,305.28 worth of expenses each month. Her current income is $520 per month before taxes. Therefore, without even considering taxes she must pay, her expenses exceed her income by approximately $785.

■ Further, there was substantial evidence to show Wife was incapable of supporting herself, i.e., make up the shortfall, through appropriate employment. We agree with Husband's contention Wife has a duty to seek adequate employment to become self-supporting. *See, Eckstein v. Eckstein,* 748

S.W.2d 945, 947[7] (Mo.App.1988). Even so, Wife's skills and earning capacity are limited. Since their marriage in 1966, Wife had only worked part-time. She has worked in housecleaning for the last 19 years. No evidence was presented that Wife has any other skills. Wife also testified she has medical problems which preclude her from obtaining full-time employment. Even if she obtained a full-time minimum wage job as suggested by Husband, she would only earn about $8,840 per year, or $737 per month. This would still leave a shortfall of approximately $568 per month.

Husband argues Wife must be self-supporting since she lets their adult daughter live at home rent free. Yet, Wife testified this was a temporary arrangement to enable her daughter to pay some bills and accumulate some money. Further, Wife testified she did not consider any expenses relating to her daughter in figuring her monthly expenses. We find the trial court did not abuse its discretion in awarding Wife maintenance. Point denied.

Husband also challenges the amount of maintenance, $450 per month, as excessive. He argues the trial court failed to consider or properly weigh the factors in § 452.335, RSMo Supp.1992.

Section 452.335.2 provides the trial court may award an amount of maintenance it deems just after considering the following factors:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to [her], and [her] ability to meet [her] needs independently . . .;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

As indicated above, Wife has a shortfall of $568 to $785 per month to meet her expenses. Husband's statement of expenses indicate he has $1,423 worth of expenses each month. Expenses totalling $133.10 are no longer applicable because they pertain to the marital home, which was given to Wife in the dissolution decree: (1) real estate tax, $64.60; (2) home maintenance, $50.00; and (3) homeowner's insurance, $18.50. Husband testified he now has a rent payment of $350 per month. However, his claimed utilities of $282.05 could reasonably be reduced since he moved out of the marital home. His expense statement also includes a payment of $232 per month on a loan to Community Federal, which is in Wife's name only and was assigned to her in the dissolution decree. Therefore, the trial court could have found Husband's expenses to be approximately $1,100. Husband's earning capacity is far superior to that of Wife. His current gross income is $2,375 per month. He pays taxes in the amount of $421.48 each month. He also claimed deductions for life and health insurance of $102.38 per month. This leaves Husband with approximately $1,851 in income each month. Husband's income exceeds his monthly expenses by approximately $750. Husband is clearly able to meet the expenses of Wife while still meeting his own.

In addition, Husband and Wife were married for about twenty-five years. Wife also testified her health is poor. She has a hammer toe and bunion on her feet, which make it painful to wear shoes. Husband has separate property in the amount of $34,833. He also has substantial investment property totalling approximately $43,000. In light of the above, we find substantial evidence to support the award of $450 per month in maintenance. Point denied.

Husband finally challenges the trial court's award of attorney's fees of $2,000 to Wife. He contends the trial court improper-

ly applied § 452.355, RSMo Supp.1992, and the factors listed therein in ordering him to pay Wife's attorney's fees.

Section 452.355 provides the court "after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount" of attorney's fees. Wife testified she had agreed to pay her attorney $90 per hour. At the time of trial, not including trial time, her attorney had billed her for 32 hours, for a total of $2,880. She had only paid $250. In light of our discussion above and the trial court's statements indicating it considered the financial resources of Husband and Wife, we find no abuse of discretion in awarding Wife a portion of her attorney's fees. *In re Marriage of Vinson*, 839 S.W.2d 38, 44[10] (Mo. App.1992); *Klein v. Klein*, 837 S.W.2d 567, 571[10] (Mo.App.1992). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.