**James F. LOOMIS, Jr., Respondent,**

v.

**Susan Wolff LOOMIS, Appellant.**

**No. ED 84388.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 8, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2005.

Martin M. Green, Joe D. Jacobson, Green Schaaf & Jacobson, P.C., Clayton, MO, for appellant.

Richard J. Eisen, Lisa N. Adams, Husch & Eppenberger, LLC, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Susan Wolff Loomis ("Wife"), appeals from the judgment of the Circuit Court of St. Louis County dissolving her marriage to Respondent, James F. Loomis, Jr. ("Husband"). We affirm in part and reverse in part.

Husband and Wife were married on March 27, 1993 in St. Louis County. They have three sons: James, William, and Robert. At the time of trial in July of 2003, James was eight-years old, William was six-years old, and Robert was three-years old. Husband is a physician who owns a small medical practice named Comprehensive Health Partners. He was imputed income of $165,000 per year by the court. Wife is an attorney who works for her family's real estate business, Wolff Properties, and her gross annual earnings are $117,516.

The parties separated in June of 2001, and Husband filed his petition for dissolution on July 5, 2001. This case was tried before a Special Master ("the Master"). The Master found that a Northwestern Mutual Life Insurance policy ("the insurance policy") acquired by Wife prior to the parties' marriage was marital property. The marital property awarded to Wife had a total value of $98,194.04. The insurance policy made up $55,567.04 of the marital property awarded to Wife. The marital property awarded to Husband had a total value of $82,835.76. Additionally, Wife was ordered to pay Husband $6,576.18 for his share of 2001 tax refunds that Wife received. The court then entered a judgment adopting the Master's findings of fact, conclusions of law, and decree of dissolution. Wife filed a motion to amend the judgment pursuant to Rule 78.04. The court denied the motion to amend. This appeal followed.

In reviewing this bench-tried case, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *McCallum v. McCallum*, 128 S.W.3d 62, 65 (Mo. App. E.D.2003). We view the evidence and the reasonable inferences therefrom in

the light most favorable to the prevailing party. *Id.* We recognize that the trial court is in a superior position than this court to judge factors such as the credibility, sincerity, and character of the witnesses. *Id.*

In her first point on appeal, Wife argues the trial court erred in holding the insurance policy to be marital property.

A trial court does not have jurisdiction to enter a decree dividing property not owned by either husband or wife. *Bullard v. Bullard,* 929 S.W.2d 942, 946 (Mo.App. E.D.1996). When a spouse has intentionally secreted or squandered an asset in anticipation of divorce, the court may hold that spouse liable for the value of the asset by awarding it to that spouse. *McGowan v. McGowan,* 43 S.W.3d 857, 866 (Mo.App. E.D.2001). An erroneous label of property as marital property only requires reversal of the order dividing marital property if the error materially impacts the overall distribution of the marital property. *Halupa v. Halupa,* 943 S.W.2d 272, 278 (Mo.App. E.D.1997).

Wife created the Susan W. Loomis Irrevocable Indenture of Trust ("the trust") on August 9, 1995. Wife is the grantor of the trust, but she is not a trustee or beneficiary of the trust. The insurance policy was transferred to the trust approximately two years and four and a half months after Husband and Wife were married and almost six years before they separated. The evidence indicates that, at the time of the marriage, the insurance policy had a cash value of $.09. The cash value of the insurance policy as of March 7, 2003, was determined by the court to be $55,567.04. Wife testified that the parties' paid the premium on the insurance policy for one year during the marriage. In the remaining years the premium was paid by dividends generated by the insurance policy. The court found that Wife has an interest in the insurance

policy, and that the policy is a marital asset. As a result of the court's findings, it awarded the cash value of the insurance policy to Wife as marital property.

Wife argues that because she no longer has an ownership interest in the insurance policy the court erred in finding the insurance policy to be marital property. We agree. As the grantor of an irrevocable trust, who is not a trustee or beneficiary of the trust, Wife does not have an ownership interest in the insurance policy contained within the trust. Husband also does not have an ownership interest in the insurance policy, because, according to the terms of the trust, he lost any interest he had as a beneficiary of the trust when the parties separated. Furthermore, there is no evidence that Wife secreted or squandered the insurance policy in anticipation of divorce by placing the insurance policy in an irrevocable trust, six years prior to the parties' separation, for the benefit of the parties' children and Husband. Therefore, because neither party has an ownership interest in the insurance policy and the insurance policy was not secreted or squandered by Wife in anticipation of divorce, the court erred in classifying the insurance policy held in the trust as marital property. In light of the significant value of the insurance policy as compared to the entire marital estate, the error materially impacted the overall distribution of marital property and requires reversal. Point granted.

In her second point on appeal, Wife contends the trial court erred in ordering Wife to pay Husband $6,576.18 for his share of the parties' 2001 income tax refund that she received.

A court cannot include the value of a marital asset that no longer exists in its division of marital property where one spouse has used that asset for his or her

living expenses following separation and prior to the dissolution hearing. *Wright v. Wright*, 1 S.W.3d 52, 62 (Mo.App. W.D. 1999). However, where a spouse secretes or squanders marital property in anticipation of divorce, the court may order reimbursement. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App. W.D.1981). A trial court does not have to specifically find that it believes monies have been secreted or squandered in anticipation of divorce, because its actions can imply such a conclusion where sufficient evidence exists to support the conclusion. *McGowan*, 43 S.W.3d at 866. The court is free to disbelieve a witness' testimony or vague accounting that she used expended money for living expenses. *Schneider v. Schneider*, 824 S.W.2d 942, 947 (Mo.App. E.D. 1992).

The court found Wife received the 2001 federal tax refund check in the amount of $17,857 and the 2001 state tax refund check in the amount of $3,911, and then deposited this money into her checking account. Husband was awarded $6,576.18 for his share of the refund checks. This award amounted to a one-half share of the refund money after deductions for money spent by Wife on an appraisal, a tax preparation, photos of the children, children's parties, uncovered medical expenses for the children, and "one-half of the Bank of America credit line outstanding balance at the date of separation."

Wife argues she spent all of the tax refund money on living expenses, and thus this cannot be considered the squandering of marital resources. Wife testified that she lied to Husband when she told him that she gave the tax refunds to her attorney. Wife further testified at trial, when questioned about whether the parties' anticipated 2002 tax refund should be split equally, that she thinks Husband "owes [her] a whole lot of money and until that's

paid [she] can't see splitting any money with him."

The court reduced the amount of 2001 tax refund money Wife owed to Husband by the amount Wife spent on living expenses. The court did not make a specific finding that Wife secreted or squandered the tax refund money, but it can be implied that by awarding Husband a portion of the tax refund, the court believed that Wife secreted or squandered a portion of the money. A finding of secretion or squandering of a portion of the tax refund money is reasonable in this case, especially considering Wife lied to Husband about what happened to the tax refund money and claimed at trial that he owed her a lot of money. The court was free to disbelieve Wife's testimony that she spent all of the money on living expenses. Therefore, the court did not err in awarding Husband $6,576.18 for his share of the 2001 tax refund checks. Point denied.

■ In her final point on appeal, Wife asserts the trial court erred in not including any amount for the children's health insurance expenses paid by Wife's employer in the court's calculation of child-rearing costs on its Form 14. Wife claims that due to this alleged error she will receive less in child support from Husband than she is entitled to under the law.

■ "An award of child support is within the sound discretion of the trial court." *Bauer v. Bauer*, 28 S.W.3d 877, 884 (Mo.App. E.D.2000). If the trial court finds the Form 14 calculations provided by the parties to be inaccurate and rejects them, then the court has the duty to provide its own correct Form 14 calculation. *Anderson v. Anderson*, 4 S.W.3d 639, 640 (Mo.App. E.D.1999). Deference is given to the trial court's ability to judge the credibility of witnesses. *Bauer*, 28 S.W.3d at 888.

The directions for line 6(c) of Form 14 provide for the entry of "the monthly

amount of any premium paid or to be paid or deducted or to be deducted by an employer from gross monthly income for a health insurance policy for the children who are the subject of this proceeding."

Wife's Form 14 submitted at trial stated $275 was the monthly cost for health insurance for the parties' children. Husband's Form 14 stated that the monthly cost for the children's health insurance was $149. Both Husband and Wife testified that Wife's employer pays for health insurance for the parties' children. The court found "[h]ealth insurance for the minor children is provided through Wife's company at no cost."

Wife claimed at trial that her salary would be increased by the amount her employer expends on health insurance if her employer did not pay the health insurance. Nonetheless, the court was not required to accept this testimony. Furthermore, Wife did not present any evidence to support her testimony that her salary would be increased if her employer did not pay for the children's health insurance premiums. Therefore, the court did not err in giving no credit to Wife for the cost of health insurance for the children in its Form 14. Point denied.

Based on the foregoing, we affirm the portions of the judgment pertaining to the calculation of child support and the reimbursement of $6,576.18 to Husband for his share of the parties' 2001 tax refund, and reverse the portion of the judgment pertaining to the division of marital property. The cause is remanded to the trial court for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN and BOOKER T. SHAW, JJ., concur.