**In re the MARRIAGE OF Faye MICHELSON and Mark Michelson.**

**Faye Michelson, Petitioner/Respondent,**

v.

**Mark Michelson, Respondent/Appellant.**

**No. ED 95221.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 24, 2011.

Michael P. Cohan, St. Louis, MO, for appellant.

Ira M. Berkowitz, St. Louis, MO, for respondent.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J., and GEORGE W. DRAPER III, J.

**PER CURIAM.**

Husband appeals from a decree of dissolution of marriage. On appeal, he raises several issues relating to the classification and division of marital property. We modify the judgment to remove two provisions classifying two trusts as marital property and dividing them between the parties. We affirm as so modified.

Mark Michelson (husband) and Faye Michelson (wife) were married on August 2, 1987. Two children were born during the marriage. The parties separated in July 2007, and wife thereafter filed a petition for dissolution of marriage. The trial court entered a judgment of dissolution on March 1, 2010.

Husband raises three points on appeal. In part of his second point, he contends that the trial court erred in awarding one half the value of the trust accounts held at Regions Bank to wife (¶ 2.aa)) and one half of that value to husband (¶ 3.aa)) as their sole and separate property. Husband argues that the trial court did not have authority to distribute the trusts because neither he nor wife has an ownership interest in either trust; rather, their two children are the sole beneficiaries of the trusts, and this gives them sole ownership interest in the trusts. Wife agrees and requests that this court modify the dissolution judgment to remove the division and award of the trust accounts from the judgment. Although a court may enter a decree of dissolution of marriage that distributes property owned by either party, a trial court does not have authority to enter a decree dividing property not owned by either husband or wife. *Loomis v. Loomis,* 158 S.W.3d 787, 790 (Mo.App.2005); section 452.330 RSMo (2000). This part of point two is granted.

We have reviewed husband's remaining arguments, and we find no error. The

judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An opinion reciting the detailed facts and restating the principles of law on points one and three and the remainder of point two would have no precedential value. We affirm the remainder of the judgment pursuant to Rule 84.16(b). However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this conclusion.

*Conclusion*

Rule 84.14 directs us to give such judgment as the court ought to give and to finally dispose of the case. Accordingly, we modify the judgment of dissolution by removing paragraphs 2.aa) and 3.aa) of Exhibit One attached thereto, which divide and distribute two trust accounts. As so modified, the judgment is affirmed.

Wife's motion to dismiss this appeal or strike husband's brief is denied as moot.