

# In the Missouri Court of Appeals
# Eastern District

### DIVISON TWO

| | | |
|---|---|---|
| SUSAN FIKE, | ) | No. ED103352 |
| | ) | |
| Respondent/Cross-Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 13SL-DR01841 |
| | ) | |
| PAUL FIKE, | ) | Honorable Kristine A. Kerr |
| | ) | |
| Appellant/Cross-Respondent. | ) | Filed: October 11, 2016 |

### I.     Introduction

Paul Corrington Fike (Husband) and Susan Fike (Wife) appeal the trial court's second amended judgment dissolving their marriage. Husband argues the court erred and abused its discretion in determining the value of certain marital property, dividing the marital property inequitably, over-calculating his income for purposes of child support and maintenance, and awarding Wife maintenance and attorney's fees. Wife argues the court erred in calculating Husband's income, not finding him guilty of marital fault, classifying the marital home as marital property, ordering Wife to pay the Home Equity Line of Credit (HELOC) associated with the marital home, awarding Husband two diamonds from Wife's engagement ring, and in not awarding Wife attorney's fees at trial. We find the court did not err or abuse its discretion on any

1

point raised by Husband or Wife, with the exception of awarding Husband the two diamonds from Wife's engagement ring, therefore we affirm in part and reverse in part.

## II. Factual and Procedural Background

Husband and Wife were married on May 8, 1999. They had three children, T.F., G.F. and C.F., who were all minors at the time of trial and this appeal. Wife filed a Petition for Dissolution of Marriage on March 19, 2013, and Husband's counter-petition was filed on June 10, 2013. The parties entered into a consent pendente lite judgment on June 27, 2013. Trial was held on October 6-8th, 2014, and the court heard evidence of the value of the parties' property, their income, expenses, and debts. The court entered its judgment on June 30, 2015, which divided the marital property, awarded separate property, and ordered Husband to pay maintenance and child support to Wife.

The court declined to base any of its judgment on a finding of marital fault between the parties.

On July 29, 2015, Husband and Wife timely filed post-trial motions. On August 6, 2015, the court denied all of Appellants' post-trial motions. Husband timely filed his Notice of Appeal on August 17, 2015 and Wife on August 24, 2015. Additionally, Wife filed a motion for attorney's fees on appeal on September 3, 2015. The court held a hearing on November 17, 2015 on the issue of attorney's fees and awarded Wife $12,000.00 in attorney's fees. Husband filed a notice of appeal on December 10, 2015. The appeals of both parties were consolidated by this Court. This appeal follows.

## III. Standard of Review

An appellate court will affirm a trial court's judgment modifying a dissolution decree so long as there was substantial evidence to support the trial court's holding, it was not against the

2

weight of the evidence, and it did not erroneously declare or apply the law. *See Kropf v. Jones*, 489 S.W.3d 830, 834 (Mo. App. E.D. 2015) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). On appeal, this Court views the "evidence and inferences in the light most favorable to the trial court's decision and disregard[s] all contrary evidence and inferences." *Potts v. Potts*, 303 S.W.3d 177, 184 (Mo. App. W.D. 2010). "The party challenging the dissolution decree has the burden of demonstrating error." *McCallum v. McCallum*, 128 S.W.3d 62, 66 (Mo. App. E.D. 2003).

## IV.     Discussion

### A.  Husband's Points on Appeal

**i.      The court did not err or abuse its discretion in using the property values determined at trial when dividing the marital property.**

Husband argues in his first point that the trial court erred by dividing certain marital property based on stale evidence that did not show the property values reasonably proximate to the effective date of distribution and the trial court should have held an evidentiary hearing to determine the values of particular assets closer to the time of their effective distribution. Specifically, Husband takes issue with the values for the marital home, the mortgage and HELOC balances, and the values of both parties' accounts with Fidelity Investment Services. He claims all of these properties are subject to significant market fluctuations and he requests that we reverse and remand the portion of the judgment dividing the properties and order the trial court to receive evidence to determine their valuations as close to the effective date of the division as possible.

In his brief, Husband sets out the values of each of these properties at the time of trial but does not provide any evidence suggesting the values significantly changed between the time of trial and the time of judgment. Husband relies heavily on *McCallum v. McCallum*, in which the

3

appellant successfully challenged the division of marital property on the basis of stale evidence. 128 S.W.3d at 68. In *McCallum*, this Court reversed the trial court's division of the marital home, holding the distribution of the property occurred over a year after the court heard evidence of its value. The court noted this determination was property specific: "For example, a nine-month gap between evidence and judgment as to the value of the marital home may have a negligible effect on the property division, whereas a nine-month gap in valuing stocks traded on the open market could be extremely unreliable." *Id*. 66-67.

In *Taylor v. Taylor*, the Supreme Court of Missouri held that the proper date for valuation of marital property was at the time of trial. 736 S.W.2d 388, 391 (Mo. banc 1987). Additionally, our Court in *McCallum* held § 452.330.1(1) "requires the court to consider the economic circumstances of each spouse at the time the division of property is to become effective" but this is not incompatible with the Supreme Court's directive. 128 S.W.3d at 66. This Court stated the "[v]aluation of property should be reasonably proximate to the date the division is to be effective. If the effective date of the distribution is not reasonably proximate to the date of valuation, the court should hold another hearing to establish a valuation[.]" *Id.* In determining whether the trial court committed reversible error we must find the alleged error materially affected the merits of the action. *Id*. (citing Rule 84.13(b)). In order to be material, the error must have a reasonable possibility of being prejudicial to the complaining party. *McCallum*, 128 S.W.3d at 66. Furthermore, "where the evidence does not indicate clearly that the value of the property is volatile, the party challenging the valuation must allege prejudice." *Id*. at 67. To allege prejudice the appellant must assert the property has significantly changed in value. *Id*. We noted in *McCallum* that lapse in time is an important factor to consider in determining the

4

materiality of a court's error, with longer time lapses having greater potential for a change in value and prejudicial error. *Id*. at 66.

At trial, both parties presented appraisals of the marital home's value. Wife's appraisal was completed in October 2013, and valued the home at $320,000.00. Husband's appraisal was completed in March 2014, and valued it at $350,000.00. The court stated in its judgment that it averaged the two estimates to ascribe a value of $335,000 to the home, noting the parties had not presented any other evidence for the court to consider on the record. The court found the remaining mortgage on the property was $134,880.00 and the HELOC was $50,942.00. The court entered judgment on June 30, 2015, and divided the marital property, awarding the marital home, mortgage and HELOC loan to Wife. The court ordered Wife pay Husband 33% of the equity after refinancing the home to remove his name from the mortgage and HELOC loan.

Husband disputes the distribution of Wife's Fidelity Investment Services accounts. The court classified Wife's three accounts as marital but awarded them to Wife in full. These accounts are (1) an individual brokerage account (#5204) with a balance of $29,156.94 at the time of trial, (2) a Roth IRA account (#6179) with a balance of $22,959.73 at the time of trial ($18,042.00 of which was money paid to Wife in error by State Farm that had to be returned), and (3) a second Roth IRA account (#2897) with a balance of $200,766.00 as of October 2014. The court valued all of these accounts at $234,840.67.

On appeal, Husband did not demonstrate how the values of the marital home, mortgages, or Fidelity accounts were volatile. Additionally, Husband did not present any evidence showing the values of these assets had significantly changed between trial and distribution. The court distributed the property eight months after trial, noting in its judgment "that real estate values are a moving target, subject to change, depending on variable factors such as market developments,

interest rates, and sales of comparable homes in the neighborhood[.]" We find the court's determination of the value of the properties was reasonably proximate to their value at the time of effective distribution. Therefore, the court did not err or abuse its discretion in denying to hold an evidentiary hearing on the value of the properties prior to issuing its order and judgment.

**ii.      The court made an equitable division of marital property.**

Husband argues in his second point on appeal that the court erred and abused its discretion in making an inequitable division of marital property that was not supported by substantial evidence. "Trial courts must divide marital property after considering, among other relevant factors, the criteria set out in § 452.330.1," which requires a fair and equitable distribution of property. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984); *see also Hart v. Hart*, 210 S.W.3d 480, 485 (Mo. App. W.D. 2007) ("The division of property does not necessarily need to be equal, but it must be fair and equitable under the circumstances of the case"). Trial courts are vested with great discretion in dividing marital property and an appellate court will only reverse if the court abused its discretion by making a division that is heavily and unduly weighted in favor of one party. *Dardick*, 670 S.W.2d at 869.

The factors a court must consider under RSMo § 452.330, RSMo 2000[1] are:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;
(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
(3) The value of the nonmarital property set apart to each spouse;
(4) The conduct of the parties during the marriage; and
(5) Custodial arrangements for minor children.

---

[1] All future references are to RSMo 2000 unless otherwise specified.

These factors are not exclusive and there is no strict formula courts must use to weigh the factors in determining how to equitably divide marital property. *Finch v. Finch*, 442 S.W.3d 209, 215 (Mo. App. W.D. 2014) (internal citations omitted). "The trial court, not the reviewing court, makes factual determinations and resolves conflicts in evidence in arriving at an equitable division of marital property." *McNair v. McNair*, 987 S.W.2d 4, 8 (Mo. App. W.D. 1998). We presume the trial court's division is correct and the burden of overcoming that presumption lies with the challenging party. *Id*. at 6. We will reverse for abuse of discretion only when the property division is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Finch*, 442 S.W.3d at 215. (internal citations omitted).

In the present case, Husband argues the court erred in awarding Wife a majority of the marital property. The largest single asset of marital property consists of the marital home, which Wife bought in 1997 prior to marrying Husband and then conveyed to herself and Husband by quitclaim deed as joint owners in 2000. The court valued the residence at $335,000.00 with a mortgage of $136,650.00, and awarded the marital home to Wife, assigning the remaining mortgage and HELOC loans to her ($134,880.00 and $50,942.00 respectively). Finally, the court awarded Husband 33% of the remaining equity in the home ($49,228.70).

Additionally, Husband's argues it was unfair for the court to award Wife three accounts at Fidelity Investment Services (FIS) with a total value of $234,840.67. The court found all three accounts were marital property and held in Wife's name. Wife alleges in her brief the accounts were funded mainly by pre-marital contributions and gifts from Wife's family. The court stated it considered the equities of the parties' situations, including the fact that Wife must refinance the marital residence and pay Husband 33% of the equity in the marital residence. The court also

7

considered that Wife was forced to access her FIS accounts to pay her legal fees and Husband has a separate non-marital trust with a value of over $600,000.00.

In *Bright v. Bright*, the Western District held it was not error for a trial court to consider the contributions of each spouse to marital assets. 429 S.W.3d 517, 518 (Mo. App. W.D. 2014). As long as the court considered all relevant factors under § 452.330, "[t]he fact that the trial court awarded one party a considerably higher percentage of the marital property than it awarded the other is not *per se* an abuse of discretion." *Id.* at 520. (internal citations omitted). In *Flora v. Flora*, the Southern District held "the transmutation of separate property into marital property will not preclude the trial court from considering the premarital contribution in dividing the marital property." 426 S.W.3d 730, 739 (Mo. App. S.D. 2014) (quoting *Gremaud v. Gremaud,* 860 S.W.2d 354, 357 (Mo.App.E.D.1993)). In *Flora*, the parties' largest marital asset was their farm, which was purchased with funds from the sale of wife's pre-marital home and inheritance. *Id*. The Southern District held the trial court was required to consider the individual parties' contributions under § 452.330 and the evidence demonstrated that wife was the sole contributor toward the acquisition and improvement of the property. *Id*. at 739-740. Thus, the trial court's award of the home to the wife was not "so arbitrary and unreasonable as to indicate an indifference and lack of careful judicial consideration." *Id*. at 741.

Similarly, in the present case, the trial court considered the fact that Wife purchased the home with funds from the settlement of her previous marriage and prior to marrying Husband. The court additionally considered that Wife had titled the property in the parties' joint names, they had jointly assumed the liabilities of the home, and both parties expected Wife to refinance the home to remove Husband's name from the title. The court awarded Husband 33% of the equity in the home, and the court awarded Wife the remaining equity, the marital home itself,

and the outstanding mortgage and remaining HELOC loan. Husband argues the equity should have been distributed equally between the parties, but he does not point to any evidence in the record demonstrating the court's decision was arbitrary and unreasonable. The court found that Husband and Wife had jointly assumed the liabilities of the home, and $47,000.00 in marital funds had been used to pay off the mortgage and interest on the HELOC loan up to the time of trial. The court awarded Wife her Fidelity accounts, stating it was considering the equities of the situation between the parties, particularly in light of the fact that Wife was expected to refinance the home and pay Husband $49,228.70.

Thus, the court considered the parties' economic circumstances at the time the division of property would become effective, and divided the remaining assets based on the parties' contributions to them. Because the court considered the factors of § 452.330.1 in making the equitable distribution and a careful review of the record demonstrates the court made an equitable division of marital property, the court did not err or abuse its discretion in dividing the marital property.

### iii. The court did not err or abuse its discretion in including monthly income from Husband's trust in Husband's gross income.

Husband argues in his third point on appeal that the court erred and abused its discretion in calculating child support by misapplying the law and including income from Husband's trust in Husband's income. "An award of child support is within the sound discretion of the trial court." *Loomis v. Loomis*, 158 S.W.3d 787, 791 (Mo. App. E.D. 2005). On review, we defer to the trial court's "determinations of credibility and view the evidence in the light most favorable to its decision. *Schriner v. Edwards*, 69 S.W.3d 89, 92 (Mo. App. W.D. 2002). (internal quotations omitted). This Court will not substitute its judgment "absent a manifest abuse of discretion and will not disturb an award of child support unless the evidence is palpably

9

insufficient to support it." *Id.* (internal quotations omitted). A court determines child support in conformity with § 452.340[2] and applicable Missouri Supreme Court rules. *Breuer v. Breuer*, 449 S.W.3d 409, 414 (Mo. App. E.D. 2014). The trial court should consider all of the resources available to a parent when determining their child support obligation. *Thurman v. Thurman*, 95 S.W.3d 172, 175-176 (Mo. App. W.D. 2003).

Husband is the sole beneficiary of the Paul Corrington Fike Trust (Trust), which had a value of $609,827.30 at the time of trial. Under the terms of the Trust, Husband receives monthly distributions of income automatically, without any discretion on the part of the co-trustees (who are Husband and his mother). When determining child support, a court must calculate the presumed amount by using Form 14. Rule 88.01.[3] According to Form 14, "'Gross income' includes, but is not limited to, salaries, wages, commissions, dividends, severance pay, pensions, interest, *trust income*, annuities, partnership distributions, social security benefits [etc]." Directions, Comments for Use and Examples for Completion of Form No. 14 (emphasis added). In the present case, the court prepared a Form 14 and noted that although Husband elected to never receive any income from the trust, he was entitled to do so at any time. The court held that it was therefore just and equitable under the circumstances to expect Husband to utilize the income for his expenses and imputed $1,000.00 per month to him. The court did not commit an abuse of discretion in making this determination.

**iv. The court did not err or abuse its discretion in determining Husband's gross income.**

On his fourth point, Husband argues the court erred and abused its discretion by imputing a higher income to Husband than he had earned in previous years. The court determined

---

[2] § 452.340, RSMo. Supp. 2011.
[3] All references to Rules are to Missouri Supreme Court Rules (2015).

Husband's income based on the evidence presented at trial, in particular the fact that Husband testified he earned $48,536.61 working full-time in 2012, the last year he worked full-time for the entire year. The court found that Husband was capable of earning $48,000.00 per year in gross salary if he used his best efforts to gain employment suited to his capabilities. The court noted Husband had voluntarily remained underemployed for 18 months in order to care for his mother starting in October 2009, but it also found he had not pursued full-time gainful employment with diligence over the years leading up to trial.

"A spouse cannot avoid responsibility to his or her family by deliberately limiting his or her work to reduce income. A trial court may, in proper circumstances, impute income to a spouse according to what the spouse could earn by use of his or her best efforts." *Keling v. Keling*, 155 S.W.3d 830, 834 (Mo. App. E.D. 2005). The trial court is best positioned to judge the credibility of witnesses and this Court will give deference to its determinations. *Loomis v. Loomis*, 158 S.W.3d 787, 789-790 (Mo. App. E.D. 2005). The trial court did not err or abuse its discretion in determining Husband's income based on his salary from 2012.

**v.    The court did not err or abuse its discretion in determining the parties' incomes and reasonable needs.**

In Husband's fifth point on appeal he argues the court erred and abused its discretion because the court's award of maintenance to Wife and determination of parties' incomes and reasonable needs was against the weight of the evidence, unreasonable and arbitrary. On appeal, we accord great deference to the trial court's determination of maintenance. *Stock v. Stock*, 158 S.W.3d 284, 289 (Mo. App. S.D. 2005) (citations omitted).  Determining the credibility of testimony and assigning weight to evidence is within the trial court's discretion.  *Kropf v. Jones*, 489 S.W.3d 830, 834 (Mo. App. E.D. 2015). On appeal, this Court views the "evidence and inferences in the light most favorable to the trial court's decision and disregard[s] all contrary

evidence and inferences." *Potts v. Potts*, 303 S.W.3d 177, 184 (Mo. App. W.D. 2010). A court may award maintenance pursuant to § 452.335.1 only if the court finds a spouse "(1) lacks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs; and (2) is unable to support [herself] through appropriate employment[.]"

The trial court considered § 452.335.1 in determining that Wife was entitled to maintenance from Husband, and found the assets awarded to Wife were insufficient to provide for her reasonable needs. The court conservatively estimated Wife's reasonable needs for her living expenses totaled approximately $4,495.33 per month,[4] and found Wife was capable of earning $2,000 per month in gross wages. Accordingly, the court found that the assets awarded to Wife were insufficient to provide for her reasonable needs. The court also found Husband's reasonable needs for his living expenses were approximately $2,765.00 per month.[5] The trial court did not err in calculating Husband's gross income as outlined in Point iv *supra*. The court found Wife's expenses exceeded her income by $2,495.33 per month and ordered Husband to pay $1,200.00 per month to her in maintenance. The court did not abuse its discretion because it based its findings on the evidence presented at trial and did not unreasonably overestimate or underestimate the income of Husband or the reasonable needs of Husband or Wife.

## B. Wife's Points on Appeal

### i.    The court did not err or abuse its discretion in determining Husband's gross income.

In Wife's first point on appeal she argues the court erred in finding Husband's gross monthly income was not $7,000.00 because the trial court did not include the recurring gifts

---

[4] The court arrived at this number by adding the mortgage, utilities, telephone, internet, gas, oil and maintenance of a car, along with taxes, license and insurance, food, clothing, medical insurance, dental care, recreation and travel, laundry and cleaning, beauty shop, and life insurance costs together.

[5] These expenses included approximately the same costs as Wife with the exception of rent, because Husband lives rent-free in a condominium furnished by his mother.

from Husband's mother which averaged $2,000 per month. The standard of review is the same as Point iv *supra*.

In the present case, the trial court found Husband's mother made gifts of money to both parties and their children, but these gifts "did not rise to the level of predictability and stability as found in *In re Marriage of Petersen*." (citing *Petersen*, 22 S.W.3d 760, 764-65 (Mo. App. S.D. 2000)) (holding the trial court did not abuse its discretion in imputing regular gifts of money to appellant from her parents in order to calculate child support). Here, the court noted "there is no guarantee this family largesse will continue indefinitely." The evidence presented to the court included testimony from Husband that his mother had made gifts to him, his children, and Wife, at varying times and in varying amounts since 2009.

A review of *Petersen* indicates the trial court did not abuse its discretion by excluding $2,000.00 more per month to Husband. "[T]he court *may* consider other resources for maintenance and child support; nothing is exempt from these primary calls upon a parent's resources." *Petersen*, 22 S.W.3d at 764. (Emphasis added) (internal citations omitted). Under Rule 88.01, a court is required to consider all relevant factors, including all relevant statutory factors. This includes "the financial resources and needs of a parent." §452.340.1(2), RSMo Supp. 2011. However, the trial court considered Husband's testimony about the amount of money his mother gifted to him prior to and during his divorce. The trial court determined the gifts were not sufficiently predictable and stable to be imputed to Husband's income. Accordingly, trial court did not abuse its discretion in determining the evidence did not support this finding.

ii.     **The court did not err or abuse its discretion in refusing to base its judgment on a finding of marital fault.**

In Wife's second point, she argues the court erred in not finding Husband guilty of marital fault when determining maintenance, equitably dividing the marital property, and awarding attorney's fees. On appeal, this Court views the "evidence and inferences in the light most favorable to the trial court's decision and disregard[s] all contrary evidence and inferences." *Potts*, 303 S.W.3d at 184. "Judging credibility and assigning weight to evidence and testimony are matters for the trial court, which is free to believe none, part, or all of the testimony of any witnesses." *Kropf*, 489 S.W.3d at 834. (quotations omitted). "As long as the record contains credible evidence upon which the trial court could have formulated its beliefs, [an appellate court] will not substitute its judgment for that of the trial court." *Nelson v. Nelson*, 25 S.W.3d 511, 518 (Mo. App. W.D. 2000).

In its judgment, the court clearly stated it considered the testimony of the parties and found that both parties' conduct contributed to the divorce. "Each party has, on occasion, failed to treat the other with the respect and affection that they promised to accord the other when they exchanged vows. It would not benefit the parties or the Court to rehash all of the painful detritus of a slowly dissolving marriage." Therefore, the trial court did not abuse its discretion in declining to base any award upon a finding of marital misconduct.

### iii. The court did not err or abuse its discretion in classifying the marital residence as marital property.

Wife's third point on appeal is that the court erred in classifying the marital residence as marital property and not Wife's separate property. "Property distribution is left to the discretion of the trial court and we will interfere only if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion." *Demayo v. Demayo*, 9 S.W.3d 736, 739 (Mo. App. W.D. 2000). Under § 452.330, "'marital property' includes all property acquired by either spouse subsequent to the marriage except…property acquired in exchange for property acquired prior to

14

the marriage." There is a rebuttable presumption that a spouse's pre-marital property is transmuted into marital property if she adds the other spouse's name to the title. *Demayo*, 9 S.W.3d at 742 (internal citations omitted). In order to rebut this presumption, the complaining spouse must show they did not intend to convert the property to marital property by clear and convincing evidence. *Id.*

In *Conrad v. Bowers*, this Court held property purchased with the proceeds from the sale of apartments owned by a husband prior to his marriage and placed in the joint names of him and his wife after their marriage was marital property. 533 S.W.2d 614, 622 (Mo. App. E.D. 1975). The Court clarified the rule of law by stating "all property acquired subsequent to the marriage taken in joint names of husband and wife is marital property subject to division upon dissolution, unless (1) it is shown that the property acquired subsequent to the marriage was acquired in exchange for property acquired prior to the marriage *and* (2) it is shown by clear and convincing evidence that the transfer was not intended as a provision for a settlement upon or as a gift to the other spouse." *Id.* (emphasis added).

In the present case, it was not error for the court to classify the marital residence as marital property. Wife acquired the marital home prior to her marriage to Husband but conveyed it to him and herself as joint owners within one year of their marriage. The evidence at trial demonstrated both parties lived in the home until they separated in 2013, and both were obligated on the debts associated with the home since it was jointly titled. The monthly mortgage payments as well as the HELOC interest payments were made with marital funds throughout the marriage and Husband paid these debts solely pursuant to a judgment after the couple filed for divorce. Wife testified at trial she did not intend to make a gift of the property to Husband by transferring it into their names jointly, but this is not clear and convincing evidence as required

15

by *Conrad*. 533 S.W.2d at 622. Because the property was transferred into the couple's names and held by them jointly for nearly the entire duration of their marriage and liabilities associated with the home were paid for with marital funds, the court did not err in classifying the home as marital property.

### iv. The court did not err or abuse its discretion in ordering Wife to pay the HELOC associated with the marital home.

On Wife's fourth point on appeal, she argues the court erred in ordering her to pay for the Home Equity Line of Credit (HELOC) since it was executed without her agreement and used to pay family expenses without her knowledge. "It is the most basic principle of contract law that parties are bound by the terms of the contracts they sign and courts will enforce contracts according to their plain meaning, unless induced by fraud, duress, or undue influence." *Nitro Distribution Inc. v. Dunn*, 194 S.W.3d 339, 349 (Mo. banc 2006). A party's signature on a contract remains the common method of demonstrating assent to its terms. *Baier v. Darden Restaurants*, 420 S.W.3d 733, 738 (Mo. App. W.D. 2014).

Here, Wife signed the HELOC loan. Accordingly, the trial court found she executed the document and was obligated to pay off the loan. Although the court believed Wife's testimony that she did not remember signing the document or otherwise securing the loan, it did not find that entitled her to relief from her obligation. Such factual determinations are within the sound discretion of the court. *Kropf*, 489 S.W.3d at 834. An appellate court views the "evidence and inferences in the light most favorable to the trial court's decision and disregard[s] all contrary evidence and inferences." *Potts*, 303 S.W.3d at 184. We do not find the court abused its discretion.

### v. The court erred in awarding Husband two diamonds from Wife's engagement ring.

16

In Wife's fifth point, she argues the court erred in awarding Husband two diamonds from Wife's engagement ring since it was a gift to her and therefore separate property. We will affirm the court's judgment dissolving a marriage so long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Abbot v. Perez*, 140 S.W.3d 283, 290 (Mo. App. E.D. 2004) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

In Missouri, courts must first classify all property as nonmarital or marital. § 452.330.1. Under § 452.330.2, marital property is limited to property acquired by either spouse subsequent to the marriage. There is also an exception for property acquired by gift subsequent to the marriage. This Court defined the elements of a gift as:

> (1) a present intention to make a gift on the part of the donor;
> (2) a delivery of the property by donor to donee; and
> (3) an acceptance by donee whose ownership take effects immediately and absolutely." *Deck v. Deck*, 64 S.W.3d 870, 874 (Mo. App. E.D. 2002) (overruled on other grounds by *Rallo v. Rallo*, 477 S.W.3d 29, 43-44 (Mo. App. E.D. 2002)).

Whether something is a gift is a question of fact. *Id*. Generally wedding and engagement rings are classified as gifts and therefore nonmarital property. *Jenkins v. Jenkins*, 368 S.W.3d 363, 369 (Mo. App. W.D. 2012); *Smith v. Smith*, 797 S.W.2d 879, 881 (Mo. App. S.D. 1990); *C.M.D. v. J.R.D.,* 710 S.W.2d 474, 477 (Mo. App. E.D. 1986). In the present case, the trial court stated it believed the credible testimony of Husband that the stones once belonged to his great-grandmother and grandmother. However, Husband also testified he gave the ring to Wife as a "gift" prior to their marriage. The court's judgment ignores this testimony as well as case law declaring rings gifted prior to a marriage are the separate property of the donee. *See Smith*, 797 S.W.2d at 881 (Mo. App. S.D. 1990) ("The question of the conditional nature of the gift became moot upon the marriage when the ring unconditionally became the property of the plaintiff.

17

Therefore, the ring given prior to the marriage retains its character as separate property not subject to equitable distribution.") (internal quotation omitted). Because the ruling is not supported by substantial evidence and the weight of the evidence demonstrates the ring is Wife's nonmarital property, the court misapplied the law and erred in awarding Husband the two stones. Point granted.

## C. **Attorney's Fees**

### i.     **The court did not err or abuse its discretion in awarding Wife attorney's fees on appeal or in ordering the parties pay their own attorney's fees at trial.**

In a separate appeal that was consolidated with the present case ("the second appeal"), Husband argues the court erred in awarding Wife $12,000.00 in appellate attorney's fees. Under § 452.355 a court may award reasonable attorney's fees "after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action[.]"§ 452.355.1. *See Miller v. Miller*, 184 S.W.3d 174, 186 (Mo. App. S.D. 2006). An appellate court presumes that the trial court considered all of the factors and the court's award was correct. *Russum v. Russum*, 214 S.W.3d 376, 385 (Mo. App. W.D. 2007); *See also Potts v. Potts*, 303 S.W.3d 177, 196 (Mo. App. W.D. 2010). We will reverse only upon finding the trial court abused its discretion and the moving party bears the burden of proof on appeal. *Potts*, 303 S.W.3d at 196. An abuse of discretion occurs if "the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation." *Clark v. Clark*, 101 S.W.3d 323, 330-331 (Mo. App. E.D. 2003).

The trial court found that Wife had not obtained full-time employment as of the time of the hearing, and she borrowed money from her parents to pay her attorney's fees on appeal. Husband argues he cannot pay these fees, but that fact alone is insufficient to reverse a trial

18

court's award of attorney's fees. *Crews v. Crews*, 949 S.W.2d 659, 672 (Mo. App. W.D. 1997). Additionally, Wife is not required to show an inability to pay her attorney's fees. *McNair v. McNair*, 987 S.W.2d 4, 8 (Mo. App. W.D. 1998). "One spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse." *Id*. Husband has remained gainfully employed, has continuously received income from his trust, and has the right to withdraw 66% of the corpus of the trust. In light of these circumstances, the court did not abuse its discretion in awarding Wife a portion of her attorney's fees on appeal.

In Wife's final point on appeal, she counter-argues the court erred by not ordering Husband pay any of Wife's attorney's fees at trial. "The trial court is considered an expert on the necessity, reasonableness, and value of attorney's fees." *Potts*, 303 S.W.3d at 196. The court found Wife had access to her accounts at Fidelity Investment Services, worth $234,840.67 at the time of trial. The court classified these accounts as marital property but awarded them in full to Wife, noting Wife paid her legal fees from these accounts. Thus, Wife has not demonstrated the court abused its discretion by not ordering Husband pay any of her attorney's fees at trial.

After oral argument, Wife filed a motion for additional attorney's fees on appeal with this Court. This motion is denied because jurisdiction remains with the trial court to grant or deny attorney's fees on appeal in dissolution cases. *See Keller v. Keller*, 224 S.W.34d 73, 83 (Mo. App. S.D. 2007). Wife filed a motion for attorney's fees on the second appeal with the trial court on December 16, 2015. She did not notice this motion for hearing and it has not been ruled on by the trial court. We do not have the authority to grant Wife's motion. *Id*.

### V.     Conclusion

The trial court did not abuse its discretion in valuing, categorizing and distributing the marital property, calculating maintenance and child support, or awarding appellate attorney's

fees to Wife. Additionally, the trial court did not abuse its discretion in failing to find misconduct on the part of Husband, not including periodic gifts of money from his mother in his gross income, or in failing to order Husband pay any of Wife's attorney's fees at trial. However, the court did err in awarding Husband the two side stones from Wife's engagement ring because the evidence clearly demonstrated the ring was Wife's separate property, gifted to her prior to the marriage. Otherwise, the trial court's findings are supported by substantial evidence and do not constitute an abuse of discretion.

For the foregoing reasons we affirm the decision of the trial court with the exception of awarding the diamond's from Wife's engagement ring to Husband. We reverse that point alone and award the diamonds to Wife.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.

20